UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| | : | | |
| VS. | : | CR 06-106-02S | **Evidentiary Hearing Requested** |
| | : | | |
| KHALID MASON | : | | |

**DEFENDANT KHALID MASON'S**
**MOTION TO SUPPRESS PHYSICAL EVIDENCE**

Now comes the Defendant, Khalid Mason ("Defendant"), and moves that, pursuant to Rules 12(b)(3)(C) and 41(h) of the Federal Rules of Criminal Procedure and under the laws of the Constitution of the United States, this Honorable Court order the suppression of all evidence, oral and tangible, obtained directly or indirectly, at or following the search of 214 Pavilion Avenue, Providence, Rhode Island, on January 16, 2004. As grounds for this motion, the Defendant states that the search warrant application and affidavit in support thereof contained material falsities and misstatements of the truth. Therefore, all evidence was seized without probable cause, without a valid search warrant, and in violation of the Fourth Amendment to the United States Constitution.

The Defendant hereby requests an evidentiary hearing before the Court on his motion. In support of the Defendant's motion, he will rely on facts and testimony that will be elicited at this future evidentiary hearing. The Defendant believes this hearing will last approximately one to two day(s).

In further support of his motion, the Defendant incorporates by reference the attached memorandum of law.

Respectfully submitted,

KHALID MASON

By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

Dated: May 22, 2007

## CERTIFICATION

I hereby certify that on May 22, 2007, a copy of the foregoing Motion to Suppress was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this foiling thorough the Court's CM/ECF system.

/s/ Kristie M. Passalacqua

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| | : | | |
| VS. | : | CR 06-106-02S | **Evidentiary** |
| | : | | **Hearing** |
| KHALID MASON | : | | **Requested** |

**DEFENDANT KHALID MASON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SUPPRESS PHYSICAL EVIDENCE**

## I. Introduction

The Defendant, Khalid Mason ("Mason" or "Defendant") moves this Honorable Court to suppress all evidence, oral and tangible, obtained directly or indirectly, at or following the search of 214 Pavilion Avenue, Providence, Rhode Island, on January 16, 2004. The search of 214 Pavilion Avenue on January 16, 2004 was illegal because the search warrant was based upon a falsified affidavit. Specifically, it is the Defendant's position that the conspiracy alleged in the Indictment charging Attorney John M. Cicilline ("Cicilline") and Lisa Torres ("Torres") in the United States District Court for the District of Massachusetts gave rise to the false information in the search warrant application for 214 Pavilion Avenue on January 16, 2004. The Defendant submits that the evidence the Government intends to rely on at trial was seized in violation of the Fourth Amendment to the United States Constitution, because it was obtained without probable cause and without a valid search warrant.

As stated in the motion accompanying this memorandum, the Defendant will rely, in part, on facts that, he submits, will emerge at a future and necessary evidentiary hearing. This evidentiary hearing is necessary because some facts bearing on issues critical to Mason's defense – the connections between the conspiracy alleged in the Indictment charging Mason and Derrick

Isom ("Isom") and the conspiracy/scheme alleged in the Indictment charging Cicilline and Torres in the United States District Court in the District of Massachusetts and the involvement of Providence law enforcement officers in said conspiracies/schemes – are not yet on the record in this matter. At a future evidentiary hearing, the Defendant will call numerous witnesses to supplement the incomplete factual record so that the absence of probable cause to search 214 Pavilion Avenue will be fully supported and found by the Court.

## II. Statement of Facts

On January 16, 2004, Providence Police Detective Scott Partridge ("Partridge") applied for a search warrant to search 214 Pavilion Avenue in Providence, Rhode Island. The application alleged that Mason and Isom were storing and selling large quantities of cocaine base from 214 Pavilion Ave. Mason and Isom were listed as "persons to be searched" in the warrant that issued.

On the very same day, officers, led by Partridge, executed the warrant and searched, by forcible entry, 214 Pavilion Avenue in Providence, Rhode Island. Detectives seized approximately 310 grams of suspected cocaine base and numerous other items constituting drug paraphernalia. Neither Mason nor Isom was present during the search and seizure. Officers arrested Isom on January 16, 2004 and issued a warrant for Mason's arrest.

Mason learned of the warrant for his arrest and also learned, from a friend, that Cicilline and Torres "could help him." Within a couple of days of the search, Mason was contacted by Torres, who purported to work with Cicilline. Torres told Mason that she and Cicilline "know how the cops play in Providence" and that Cicilline "is in good with them." Torres explained that for a $25,000.00 retainer fee, Cicilline and his father, Attorney Jack Cicilline, would help Mason and Isom. Mason hired John M. Cicilline and Jack Cicilline to represent him and Isom.

In or around late January 2004, on three separate occasions, Mason, through his father, Paul Price, Jr. ("Price"), paid Lisa Torres $25,000.00 cash for Cicilline and his father to represent Mason and Isom.

Cicilline and Torres told Mason that in exchange for this money, Mason's arrest warrant would be lifted and Isom would get out on bail. Specifically, Cicilline and Torres informed Mason that they would speak with Partridge to figure out a way to take care of things. Cicilline and Torres told Mason that they would be taking Partridge to the SuperBowl in Texas and that while at the SuperBowl they would "figure out something."

Several days after the SuperBowl, in or around early February 2004, Cicilline told Mason that he had taken Partridge to the SuperBowl, that "they" had discussed Mason's and Isom's situation, and that "they" would need $100,000.00 to get Mason's warrant lifted and another $100,000.00 to get Isom out on bail. At the same time, Mason realized that Cicilline was encouraging both himself and Isom, unbeknown to each other, to "flip" on each other. Specifically, Cicilline told Mason in one conversation that Isom was "a piece of sh--."

Mason refused to pay Cicilline and Torres the additional $200,000.00 and demanded that Torres return the $25,000.00 that he had already paid. Mason threatened to go to the police if the money was not returned. Price arranged a meeting with Torres and at that meeting Torres returned $15,000.00 of the $25,000.00 to Price. Torres explained that because Cicilline had taken Partridge to the SuperBowl and had already "done some legwork on their behalf" that they (Cicilline and Torres) would not return the $10,000.00 they already spent on the case.

Shortly after the $15,000.00 was returned to Mason and Mason fired Cicilline as his attorney, on March 9, 2004, a "Pocket Tech Scale" appeared on the Providence Police Department's Offense Report with respect to the search of 214 Pavilion Ave. This Pocket Tech

Scale, however, does not appear in any of the initial police reports, police narratives, or descriptions of seized property that were prepared contemporaneously with the search and seizure of 214 Pavilion Ave.

On October 4, 2006, a Federal Grand Jury returned an Indictment charging Mason and Isom with violations of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(A), 846, and 18 U.S.C. § 2.

On October 4, 2006, the United States District Court for the District of Rhode Island issued a warrant for Mason's arrest. Shortly thereafter, Mason was arrested. Mason remains detained awaiting trial.

## III. Argument

### A. The Search of 214 Pavilion Avenue was Illegal, and as such, All Evidence Seized Must be Suppressed.

#### 1. The search warrant application contained material falsities and misstatements of the truth.

Mason is a victim of the same conspiracy alleged in the Indictment charging John M. Cicilline, Joseph A. Bevilacqua, Jr., Juan Torres, and Lisa Torres in the United States District Court for the District of Massachusetts ("Cicilline Indictment"), a copy of which is attached hereto as Exhibit A. The conspiracy charge in the Cicilline Indictment concerns a scheme involving the criminal defense attorney hired by Mason, John Cicilline, and others, to profit by falsifying information about the criminal conduct of third parties. It is this very criminal scheme that led to the charges against Mason. More specifically, for purposes of this motion, the conspiracy and scheme alleged in the Cicilline Indictment, upon information and belief, gave rise to the false information in Detective Partridge's affidavit in support of a search warrant for 214 Pavilion Ave. Upon information and belief, Cicilline and Torres worked with Providence law

enforcement officers to set up Mason and Isom and then offered to help them avoid arrest or get out on bail, if Mason and Isom paid them large sums of money.

The drugs found at the January 16, 2004 search of 214 Pavilion Avenue in Providence, Rhode Island, were not Mason's. Rather, upon information and belief, they were planted by or at the direction of Cicilline, Torres, and/or Partridge. Partridge's affidavit, therefore, contained false statements that were made knowingly, intentionally, and with reckless disregard for the truth. Then, after a warrant issued for Mason's arrest, Cicilline and Torres attempted to solicit and receive large amounts of money from Mason, purportedly to work with Providence Police Detective Partridge to get Mason's warrant lifted and to get Isom out on bail.

2. When the materially false statements are removed, the affidavit cannot support probable cause.

Under Franks v. Delaware, 438 U.S. 154, 155-56 (1978), a defendant may request an evidentiary hearing to challenge police misconduct in drafting an affidavit in support of a search warrant. The defendant "must make a 'substantial preliminary showing' that the affidavit included a false statement which was made either knowingly and intentionally or with reckless disregard for the truth, and that this misstatement was necessary to the finding of probable cause." Franks, 438 U.S. at 155-56 (see also United States v. Materas, 483 F.3d 27 (1st Cir. 2007)). If the affidavit cannot support probable cause independent of the misstatements, then the evidence seized must be suppressed.

In the case at hand, the false statements pervade every element of the affidavit. The affidavit was executed intentionally in order to further a conspiracy for the purpose of defrauding and extorting large sums of money from Mason and Isom who were arguably "undesirables" and "likely targets" with prior narcotics violations/histories. When the offending facts and

misstatements are removed from Partridge's affidavit, there is no probable cause for the search of 214 Pavilion Ave.

Admission of evidence obtained in an unlawful manner would violate Mason's right against unreasonable search and seizure under the Fourth Amendment to the United States Constitution. Such ill-begotten evidence must be suppressed as "fruits of the poisonous tree" under Wong Son v. United States, 371 U.S. 471 (1963) and Segura v. United States, 468 U.S. 796 (1984). The conduct of Cicilline (Mason's attorney), Detective Partridge, Torres, and possibly other law enforcement officers and individuals, was not only overreaching, but also unlawful, and violated Mason's rights to Due Process guaranteed by the Fourteenth Amendment to the United States Constitution.

## IV. Conclusion

For the foregoing reasons, and for reasons that will be explored more thoroughly at the future evidentiary hearing, all evidence obtained during the January 16, 2004 search of 214 Pavilion Avenue must be suppressed.

## V. Request for Suppression Hearing

The Defendant requests that the Court schedule an evidentiary hearing so that the Defendant may elicit the testimony of the individuals alleged to be involved in the conspiracies and schemes referenced in Defendant's motion and memorandum. The Defendant expects that the hearing will last one to two day(s). The Defendant expects that additional and supportive facts will be developed at the suppression hearing that will impact the Court's decision on this issue.

Respectfully submitted,

KHALID MASON

By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

Dated: May 22, 2007

## CERTIFICATION

I hereby certify that on May 22, 2007, a copy of the foregoing Memorandum in Support of Motion to Suppress was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this foiling thorough the Court's CM/ECF system.

/s/ Kristie M. Passalacqua