UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-106-02S |
| | : | |
| KHALID MASON | : | |

**DEFENDANT KHALID MASON'S**
**MOTION TO COMPEL DISCLOSURE**
**OF THE GOVERNMENT'S CONFIDENTIAL INFORMANT**

Now comes the Defendant, Khalid Mason, and respectfully requests that this Court compel the Government to disclose the identity of its confidential informant. To date, the Government has refused to disclose the informant's identity. The Defendant asserts that disclosure is warranted for the reasons outlined below.

Detective Scott Partridge refers to the Government's confidential informant in paragraph nos. 4, 5, 6, and 7 of his Affidavit in support of a search warrant to search 214 Pavilion Avenue, Khalid Mason, and Derrick Isom, dated January 16, 2004. The plain language of Detective Partridge's Affidavit illustrates that this informant played a material role in his decision to apply for said search warrant. For example, paragraph no. 3 of the Affidavit reads,

> This informant has stated to your affiant that a subject(s) known to him/her as Derrick Isom 09/14/75, and Khalid Mason 01/16/76, are storing and selling cocaine base from 214 Pavilion Ave. 3rd Floor, Providence RI. This informant stated that over the past several days he/she has been inside the residence on several occasions where he/she has seen large quantities of cocaine base and has also purchased cocaine base from both Derrick Isom and Khalid Mason . . . After this conversation, the informant agreed to make a controlled purchase of cocaine from Derrick Isom and Khalid Mason.

See Affidavit, attached hereto at Exhibit A. Paragraph Nos. 4, 5, and 6 then detail two alleged "controlled buys" from Derrick Isom, one of which allegedly involved Khalid Mason, by this

informant. Defendant Mason denies that the "controlled buy" described in the Affidavit occurred.

Caselaw from the United States Supreme Court and the First Circuit Court of Appeals support disclosure of an informant's identity when it is relevant to the defense of an accused or essential to a fair determination of a cause. In United States v. Lewis, the First Circuit held,

> The courts have long recognized that the Government has a 'privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.' The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. This privilege, however, is not absolute. 'Where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give away.'

United States v. Lewis, 40 F.3d 1325, 1335 (1st Cir. 1994) (citing Roviaro v. United States, 353 U.S. 53 (1957)). The informant is the only witness in a position to amplify or contradict the statements made in Detective Partridge's Affidavit.[1] Furthermore, Defendant Mason requests disclosure of what the Government's confidential informant received in exchange for this alleged information.

The Government has no basis to be concerned about witness safety because both Mason and Isom are detained pending trial. Therefore, neither Mason nor Isom poses a risk of harm to the government's informant.

---

[1] The Defendant filed a Motion to Suppress all evidence obtained in the search of 214 Pavilion Avenue contemporaneously with this Motion. In his Motion to Suppress, the Defendant asserts that Detective Scott Partridge's Affidavit contains material false statements. Defendant requested an evidentiary hearing on his Motion to Suppress and if said request is granted, Defendant intends to call the Government's confidential informant to testify at the evidentiary hearing on Defendant's Motion.

WHEREFORE, Defendant Khalid Mason respectfully requests that this Court order the Government to disclose the identity of its confidential informant.

Respectfully submitted,
KHALID MASON

By his Attorneys,

/s/ Kristie M. Passalacqua

Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

Dated: May 22, 2007

**CERTIFICATION**

I hereby certify that on May 22, 2007, a copy of the foregoing Motion to Compel Disclosure was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this foiling thorough the Court's CM/ECF system.

/s/ Kristie M. Passalaqua