UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| United States of America<br>Plaintiff<br><br>vs<br><br>Khalid Mason<br>Defendant | CR No. 06-106-02S |

**ORDER**

Before the Court is a motion to seal the defendant's motion to suppress (dkt. # 68) filed by the government.[1] The government puts forth two justifications for sealing the motion. First, it argues that "the allegations contained [in the suppression motion] jeopardize the privacy interests of individuals associated with this case" by potentially damaging their reputation. Second, it submits that allowing public access to documents or exhibits attached to the motion to suppress may allow the public to view evidence that will either be suppressed or deemed irrelevant and inadmissible. Neither of these proffered justifications persuades the Court that the First Amendment right of public access to criminal proceedings should, in this instance, be countervailed. Accordingly, the government's motion to seal is DENIED.

---

[1] Although the defendant does not oppose the motion, in a letter to the Court he declined to join the government's arguments in support of its motion.

"[S]uppression motions have historically been open to inspection by the press and the public" because they are "a critical pre-trial proceeding, one which is often as important as the trial itself." United States v. McVeigh, 119 F.3d 806, 813 (10th Cir. 1997). Moreover, "the public interest in access to a suppression is particularly high" because it is the "point in the process where the conduct of law enforcement officers is at issue." McVeigh, 119 F.3d at 813; see also In re New York Times Co., 828 F.2d 110, 114 (2d Cir. 1987) ("With respect to a motion to suppress evidence obtained by the government, in particular, there is a legitimate public interest in knowing the grounds on which the government conduct in obtaining evidence is challenged.") (internal quotations omitted). Consequently, the qualified First Amendment right of access to criminal proceedings first recognized in Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986) applies to pretrial suppression hearings. See McVeigh, 119 F.3d at 813. This right has also been extended to written documents submitted in connection with the suppression proceeding. See In re New York Times Co., 828 F.2d at 114.

However, because the First Amendment right of access is a "qualified" right, see id., it may give way in certain cases to other rights or interests. See United States v. Doe, 63 F.3d 121, 127 (2d Cir. 1995) (identifying as one of those interests "the government's interest in inhibiting disclosure of sensitive

information"). Courts have formulated a balancing test to determine when closure may be appropriate which, relevant to this case, only applies upon a showing of a significant risk "of danger to persons, property, or the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices." Id. This may include a situation where "exposure of testimony . . . might provoke retaliation against witnesses or defendants." Id.

Here, there is no compelling reason to seal the motion to suppress beyond the government's broad assertion that the claims of police misconduct could prejudice a jury. In this sense, the government is concerned that the claims of "public corruption" without any evidentiary support, will taint the public. But, the government fails to recognize that the right to public access is at its highwater-mark for cases that implicate public corruption. See United States v. Kemp, 365 F.Supp.2d 618, 634 (E.D. Pa. 2005) ("A dominant chord running through the [decisions to seal] is that courts must make public corruption proceedings open to public scrutiny."). The mere claim that the allegations of corruption will unfairly prejudice the government by tainting the jury pool is simply not enough to override the strong right of public access to a suppression proceeding, especially where the matter of corruption

is placed in central focus.[2] Furthermore, the government's claim that the allegations in the motion may damage certain individuals' reputations does not rise to the level required to trench the First Amendment right. See Doe, 63 F.3d at 127 (requiring there to be a significant risk "of danger to persons, property, or the integrity of significant activities entitled to confidentiality"). Were it enough, almost every suppression proceeding which contained a claim of police misconduct or malfeasance could be sealed upon the same concern. There is no compelling reason to seal and the motion to seal is therefore DENIED.

By Order:

Doreen Baldwin

Deputy Clerk

Enter:

/s/ William E. Smith
William E. Smith
US District Judge
Date: 5/30/07

---

[2]This rationale extends to the exhibits attached to the motion to suppress. Although there may be a stronger argument for preventing access to inadmissible evidence, see McVeigh, 119 F.3d at 813, the exhibits are not (as of yet) inadmissible and, therefore, are no more a risk than the motion itself. See Kemp, 365 F.Supp.2d at 631-34.