UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

VS C.A. NO. CR 06-106-02S

KHALID MASON

**CITY OF PROVIDENCE'S MOTION TO QUASH A SUBPOENA**

Now comes the City of Providence and hereby moves to quash the subpoena attached hereto as Exhibit "A". The City relies on and adopts the Government's Memorandum of Law in Support of its Motion to Quash as well as its own Memorandum which is attached hereto.

CITY OF PROVIDENCE
By its Attorney

JOSEPH M. FERNANDEZ,
CITY SOLICITOR

/s/ Kevin F. Mchugh,
Kevin F. Mchugh,
Senior Assistant City Solicitor
Providence Law Department
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 Fax
Kevin_mc1950@hotmail.com

**Certificate of Service**

I hereby certify that on this 30th day of May 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Kristie M. Passalacqua
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Providence, Rhode Island 02903
Kpassalacqua@haslaw.com

Michael J. Connolly, Pro Hac Vice Council
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, Massachusetts 02109
mconnolly@haslaw.com

Sandra Beckner,
US Attorney's Office
50 Kennedy Plaza 8h Floor
Providence, RI 02903
Sandra.Beckner@USDOJ.gov

/s/ Kevin F. McHugh

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

VS C.A. NO. CR CR 06-106-02S

KHALID MASON

**CITY OF PROVIDENCE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH A SUBPOENA**

The City of Providence relies on and adopts the Government's Memorandum of Law and adds the following:

On May 30, 2007 the Providence Police Department was served with the attached Subpoena Exhibit "A". The Subpoena requests the following:

> 1. With respect to Sergeant Scott Partridge: Any and all documents, records, memoranda, phone messages, electronic messages, receipts, invoices, tickets, or phone records that refer to or relate in any way to:
> (a) the purchase, acquisition or receipt of a ticket or tickets to the 2004 Super Bowl, or any other Super Bowl;
> (b) travel to and from the 2004 Super Bowl, or any other Super Bowl;
> (c) lodging related to the 2004 Super Bowl, or any other Super Bowl:
> (d) meal expenses related to the 2004 Super Bowl, or any other Super Bowl; and
> (e) the individuals who traveled with or in any way accompanied Scott Partridge to the 2004 Super Bowl, or any other Super Bowl.
>
> 2. Any and all documents regarding payments of money, or anything of value, from anyone associated with John Cicilline or the law offices of John M. Cicilline to Sergeant Scott Partridge or any other member of the Providence Police Department;

> 3. A complete copy of Sergeant Scott Partridge's personnel file with the Providence Police Department, including but not limited to any disciplinary files or records kept or maintained by the Providence Police Department.

The aforesaid Officer is a witness in the criminal case.

The records sought are confidential personnel records under R.I. Law.

R.I.G.L. §38-2-2 states in pertinent part:

> "(4 (i) … For purposes of this chapter, the following records, shall not be deemed public: "(A)(I)…employee, …personnel…records…, and all personal…information relating to an individual in any files, including information relating to medical or psychological facts…, or information in personnel files maintained to hire, evaluate, promote or discipline any employee of a public body…"

Consequently, APRA specifically provides that "information in personnel files maintained to hire, evaluate, promote, or discipline any employee of a public body" shall not be deemed public." Federal Courts have recognized a similar privacy where the Plaintiff seeks discovery of personnel records in civil rights cases. As stated in Burke v. New York City Police Dept., 115 F.R.D. 220 (S.D.N.Y. 1987) where the plaintiff sought discovery of personnel records:

> "…New York… (statutory) Law provides …that police personnel records…"…are not to be disclosed…
> "…(I)n determining the scope and substance of privileges under federal common law, the courts have suggested that, to the extent feasible, some weight should be given to strong statutory policies of confidentiality… "In this case there appears to be no irremediable conflict between state and federal policies. To the extent that … (New York statutory) Law may embody a policy of protecting the internal deliberative process of its law enforcement agencies, that policy is reflected in federal law… Moreover, to the extent that the state provision may be construed as seeking to protect the privacy of

> government personnel, it finds an analogue in federal law. (here, the Court cites various federal statutes)…
> These decisions demonstrate that the appropriateness of production necessarily turns upon a weighing of the competing concerns of relevance and need on the one hand and considerations of privacy, on the other…"

Consequently, Federal Courts will recognize a personnel records privilege created by state statutes like Rhode Island's APRA. In upholding such privileges, moreover, the Federal Court "balances the competing concerns of relevance and need on the one hand, and consideration of privacy, on the other." Therefore, relevance plays a large role in the analysis. It was on this basis that Burke, precluded discovery of the majority of the personnel records sought by the plaintiff, a female detective who brought a civil rights suit claiming gender-based discrimination by her immediate supervisors. In precluding discovery by upholding the privilege with respect to all the personnel records – except those pertaining to Detective Stiastny whom plaintiff alleged was directly responsible for the harassment and discrimination in which three other officers acquiesced – Burke observed:

> "Plaintiff apparently made repeated complaints to Stiastny's superiors about his conduct and he was in fact subject to a reprimand for his treatment of plaintiff. Under these circumstances the absence of any critical evaluation of him by his supervisors during the relevant time period may be probative of whether they either acquiesced in or encouraged such behavior, although it would presumably not be dispositive …This is sufficient to justify production… "There is no equivalent justification for the production of the other performance evaluations at the present time. Plaintiff has not suggested that any of the other individuals were involved in prior incidents suggestive of gender based or other bias, and the evaluations reflect none…. There is no equivalent justification for the production of the other performance evaluations…"

In the case at bar, the officers' privacy rights should not be invaded to satisfy the Defendant's fishing expedition.

The balancing of the officers' privacy rights against the Defendant's need to know, clearly weighs in favor of the officer's privacy rights and non-disclosure.

The Rhode Island Supreme Court has also limited what portions of civilian complaint files have to be turned over as public records.

In <u>Direct Action for Rights and Equality v. Gannon,</u> 713 A.2d 218 (R.I. 1998) the Rhode Island Supreme Court held that reports of final action of discipline of police officers under the civilian complaint process in redacted form has to be turned over in public records request for civilian complaint records as well as all reports made by the Providence Police Department hearing officers regarding their decisions. No other documents have to be produced. The Defendant has sought everything.

Finally, Rule 17 (c)(2) of the Federal Rules of Criminal Procedure provides:

> (2) Quashing or Modifying the Subpoena. On Motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

The City was served with the Subpoena less than 24 hours prior to the Court appearance, certainly an unreasonable period of time to require production of a police officer's records.

In <u>United States v. Taylor,</u> C.A. No. 06-013 T, the City was served with a similar subpoena for the disciplinary records of several police officers. The City filed a Motion to Quash and the Court granted the Motion. The same result should occur here.

## CONCLUSION

For all of the reasons stated above, the City of Providence requests that the Motion to Quash the Subpoena be granted.

CITY OF PROVIDENCE
By its Attorney

JOSEPH M. FERNANDEZ,
CITY SOLICITOR

/s/ Kevin F. Mchugh,
Kevin F. Mchugh,
Senior Assistant City Solicitor
Providence Law Department
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 Fax
Kevin_mc1950@hotmail.com

**Certificate of Service**

I hereby certify that on this 30th of May, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Kristie M. Passalacqua
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Providence, Rhode Island 02903
Kpassalacqua@haslaw.com

Michael J. Connolly, Pro Hac Vice Council
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, Massachusetts 02109
mconnolly@haslaw.com

Sandra Beckner,
US Attorney's Office
50 Kennedy Plaza 8h Floor
Providence, RI 02903
Sandra.Beckner@USDOJ.gov

/s/ Kevin F. McHugh