IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 06-106-02S |
| | ) | |
| KHALID MASON | ) | |

GOVERNMENT'S MOTION TO QUASH

The government moves the Court to quash two subpoenas served by defense counsel on May 29, 2007 on the United States Attorney's Office for the District of Massachusetts and the Providence Police Department[1]. These subpoenas seek items such as government files, reports, and memoranda and are attached to the government's motion.

LAW

A defendant's use of a subpoena as a discovery device has long been prohibited. See United States v. Nixon, 418 U.S. 683, 698 (1974); United States v. Henry, 482 F.3d 27, 30 (1st Cir. 2007); United States v. Kohn, 181 F.3d 81 (1st Cir. 1999) (unpublished); see also United States v. Tokash, 282 F.3d 962, 971 (7th Cir. 2002) ("Rule 17 (c) is not a discovery device to

[1] The defense also served a subpoena on the United States Marshal's Service; however, the information sought by the defense was turned over in discovery on March 7, 2007. The undersigned Assistant was informed orally by Chief Deputy U.S. Marshal Dave Remington that no other records sought in the subpoena, other than the two reports which have already been provided to defense, exist. Accordingly, while normally the government would move to quash such a subpoena, the government does not wish to waste the Court's time on an issue that appears to be moot.

allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge."). To obtain production of documents pursuant to a Rule 17 subpoena, the moving party must show:

> (1) that the documents are evidentiary and relevent (sic); (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Nixon, 418 U.S. at 699; Tokash, 282 F.3d at 971; United States v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992); United States v. LaRouche Campaign, 841 F.2d 1176, 1179 (1st Cir. 1988); United States v. Lieberman, 608 F.2d 889, 904 (1st Cir. 1980). "Mere speculation as to the content of documents is hardly a showing of relevance." Concemi, 957 F.2d at 949.

"In federal criminal trials, defense access to government evidence that is exculpatory or helpful in impeaching government witnesses is governed by a set of statutory and rule-based requirements elaborated through much doctrine." Henry, 482 F.3d at 30. Fed. R. Cr. P. 16 governs discovery in a federal criminal trial. Specifically, Fed. R. Cr. P. 16(a)(1)(A) addresses statements of the defendant. Additionally, the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Cr. P. 26.2, govern the production of witness statements. Finally, federal case law, including Brady

v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), address the government's obligations to provide exculpatory and impeaching evidence. See Henry, 482 F.3d at 30 (listing the federal discovery rules).

The records sought by the defense subpoenas are not the proper subject of a Rule 17(c) subpoena. The requests are overly broad attempts to make an end run around the discovery rules, and constitute nothing more than a blatant fishing expedition that seeks information neither relevant to the case at hand nor admissible at trial. Additionally, the defendant's subpoenas are overly burdensome in that they were served late in the day on May 29, 2007 and seek the production of documents at 9:30 a.m. on May 31, 2007.

SUBPOENA SERVED UPON THE UNITED STATES ATTORNEY'S OFFICE

In the subpoena served upon the United States Attorney's Office for the District of Massachusetts, the defense seeks "files, reports, memoranda, witness interviews, notes, phone messages, calendar entries, electronic messages, and surveillance tapes or transcripts" that relate to 26 different aspects of the government's case against John M. Cicilline, Joseph A. Bevilacqua, Jr., Juan Giraldo, and Lisa Torres in the United States District Court for the District of Massachusetts. In a letter dated May 29, 2007 and hand-delivered to the United States

Attorney's Office for the District of Rhode Island late in the day on May 29, the defense makes 26 similar requests. Additionally, in a letter faxed to the United States Attorney's Office at 6:18 p.m. on Friday, May 18, 2007, the defense requested the entire file in the Cicilline case.

Pursuant to the May 18, 2007 request, the government asked the case agent, Special Agent James McCormack, to review the evidence in the Cicilline case for any references to Khalid Mason or Derrick Isom. SA McCormack informed the undersigned that the evidence in the Cicilline case contained no references to Khalid Mason or Derrick Isom. Additionally, the government sent a letter to Mr. William Weinreb, the AUSA prosecuting the Cicilline case, asking him to review the Cicilline case file for any evidence that might be exculpatory as to Khalid Mason. The government enclosed the defendant's motion to suppress setting forth what is believed to be his defense at trial, as well as a summary of the facts of the government's case. The government is awaiting Mr. Weinreb's response.

Each of the defendant's requests within the subpoena duces tecum is appropriately addressed through the discovery rules. Furthermore, the defendant has completely failed to meet his burden to show that the material he seeks is both evidentiary and relevant. See Concemi, 957 F.2d at 949; Tokash, 282 F.3d at 971. Much of what is sought neither relates to the case against Khalid

Mason, nor would be admissible at his trial. That is, much of the information sought in the defense subpoena would be hearsay evidence inadmissible at trial or attorney work-product. Absent some evidence that links the Cicilline case to this case, aside from those naked assertions contained within the defendant's motion to suppress, the information and evidence in the Cicilline case is immaterial to the case at hand.

The defense is attempting to satisfy its Franks burden after filing the motion to suppress. Before the Court orders the execution of such broad subpoenas to government agencies addressing evidence in another case, the defendant should put forth his offer of proof suggesting that there is a reason to believe that his case is related to the Cicilline case. Furthermore, the defense inquiries should be handled through the proper discovery channels. In short, the defense has engaged in a fishing expedition, outside the discovery rules that govern a criminal proceeding, in the hope that the Cicilline case somehow relates to the government's case against Khalid Mason.

SUBPOENA SERVED UPON THE PROVIDENCE POLICE DEPARTMENT

The defense has subpoenaed "any and all documents, records, memoranda, phone messages, electronic messages, receipts, invoices, tickets, or phone records" that relate to Sergeant Scott Partridge's attendance at the 2004 Super Bowl or any other

Super Bowl, any payments of money from John M. Cicilline or his associates to members of the Providence Police Department, and Sergeant Scott Partridge's personnel file.

Presumably the information sought regarding the 2004 Super Bowl stems from the defense's unsupported allegation contained within the motion to suppress that John M. Cicilline took Sergeant Partridge to the 2004 Superbowl in Texas. See Defendant's Motion to Suppress Physical Evidence, p. 5. The defendant's motion goes on to proclaim that after the Super Bowl "in or around early February 2004," Cicilline requested more money from the defendant. See id.

Attached to the government's motion is an affidavit from Sergeant Partridge in which he denies attending the 2004 Super Bowl. Additionally, Sergeant Partridge states that he was in the United States District Court for the District of Rhode Island as the case agent in a trial on Friday, January 30, 2004, and Monday, February 2, 2004, the Friday and Monday before and after the Super Bowl.

The defense's subpoena also seeks the personnel file of Sergeant Scott Partridge. However, the discovery rules governing a federal case do not require that the government make personnel files of government employees available for defense perusal. See United States v. Dent, 149 F.3d 180, 191 (3rd Cir. 1998). The government is aware of its obligations under Brady, Giglio, and

the Federal Rules of Criminal Procedure and has complied with its obligations. Should the government become aware of any impeaching material with respect to Sergeant Scott Partridge, the government will inform the defense.

CONCLUSION

Based on the foregoing, the government asks that the Court quash the subpoenas served upon the United States Attorney's Office for the District of Massachusetts and the Providence Police Department.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY

SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATION

I hereby certify that on May 30, 2007, a copy of the within Motion to Seal and the "Government's Motion to Quash" was hand-delivered to Ms. Kristie Passalacqua, Hinckley, Allen, and Snyder, LLP, 50 Kennedy Plaza, Suite 1500, Providence, RI 02903.

SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj