**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **CR No. 2006-106-02S** |
| | : | |
| **KHALID MASON** | : | **June 01, 2007** |

**MOTION TO QUASH**

Now comes John M. Cicilline in the above-entitled cause and moves to quash the subpoena requiring his appearance before the District Court on May 31, 2007 and for reason says:

1. He is in possession of no document, record, memoranda, message, invoice, receipt, billing statement, conflict check, or phone record relating to Khalid Mason.

2. His appearance and testimony would require the disclosure of material protected by the attorney – client relationship as it relates to Derek Isom.

3. The subpoena seeks to violate Rule 3.4 (f) and Rule 1.6 (a) of the Rules of Professional conduct.

Respectfully submitted,
John M. Cicilline,
By his Attorney,

/s/ *JOHN F. CICILLINE*
John F. Cicilline, Esq. #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jfcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on June 01, 2007 a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ *JOHN F. CICILLINE*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **CR No. 2006-106-02S** |
| | : | |
| **KHALID MASON** | : | **June 01, 2007** |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO QUASH SUBPOENA**

On May 29, 2007, John M. Cicilline, an attorney at law, was issued a subpoena, directing that he appear before the United States District Court on May 31, 2007 and to bring with him files, documents, records, memoranda, messages, receipts, billing statements, conflict checks and phone records of Khalid Mason and Derek Isom. The subpoeneree has no such records as they relate to Khalid Mason, and invokes the lawyer client privilege as it relates to Derek Isom.

The general rule is that communications made by a client to his attorney for the purpose of seeking professional advice, as well as the responses by the attorney to such inquiries are privileged communications not subject to disclosure. Haynes v. Smith, 73 FRD 572 (WDNY 1970); Colton v. United States, 306 F.2d 633 (2nd Cir. 1962). In United States v. Kelly, 569 F.2d 928 (5th Cir. 1978) the court set forth the requisite elements for determining whether the communication is privileged as:

1. The asserted holder of the privilege is or sought to become a client.
2. The person to whom the communication was made (a) is a member of the bar of a court, or is a subordinate and (b) in connection with communication is acting as a lawyer.
3. The communication related to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i)

> an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding and (a) not for the purpose of committing a crime or tort, and (4) the privilege has been (a) claimed and (b) not waived. See also Status Time Corp v. Sharp Elec., 95 FRD 27 (SDNY 1982).

A lawyer has an obligation not to reveal client confidences, Rule 1.6 of Supreme Court Rules of Professional Conduct; United States v. Edgar, 82 F.3d 499 (1st Cir. 1996), and has an obligation to assert the privilege on behalf of a client. id; see also In re Impounded Case (Law Firm) 879 F.2d 1211 (3rd Cir. 1989). The observance of the ethical obligation of a lawyer to hold inviolate confidential information of the client not only facilitates the full development of facts essential to proper representation of the client but also encourages people to seek early legal assistance. Upjohn Co. v. United States, 449 US 383 (1981); Fisher v. United States, 425 US 391 (1976) The privilege often has the effect of withholding relevant information from the factfinder, so it has been interpreted to apply only where, it is necessary to achieve its purpose. See Fisher at 403. As a result it necessarily protects the confidences of wrongdoers, so long as those consultations relate to prior wrongdoing. 8 Wigmore, 2298 p573; Clark v. United Sates, 289 US 1 (1933).

In determining whether the communications are "privileged" the key question is what the client reasonably understood the situation to be. United States v. Bay State Ambulance, 874 F.2d 20 (1st Cir. 1989); Kevlik v. Goldstein, 724 F.2d 844 (1st Cir. 1984) [quoting McCormick on Evidence sec. 91 (1972)]. Mr. Isom both at the time he was being represented by Mr. Cicilline and now, has made it plain that he considers all communications that he had with his counsel to be privileged.

Mr. Isom is himself, in the throes of a criminal trial and hypothetically could be concerned that any communication between himself and his counsel could be used in his prosecution. The privilege has been recognized when disclosure of the communication could form a chain of testimony necessary to convict an individual of a crime. In re Grand Jury Proceedings (Jones), 517 F.2d 666 (5th Cir. 1975).

The subpoena in this case asks specifically for documents related to the representation of the client. In doing so it is asking for the disclosure of communications between an attorney and his client about questions asked and legal advice given. Such information is privileged from disclosure.

Respectfully submitted,
John M. Cicilline,
By his Attorney,

/s/ *JOHN F. CICILLINE*

John F. Cicilline, Esq. #0433
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jfcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on June 01, 2007 a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ *JOHN F. CICILLINE*