UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-106-02S |
| | : | |
| KHALID MASON | : | |

**DEFENDANT KHALID MASON'S RESPONSE TO JOHN M. CICILLINE'S MOTION TO QUASH**

The Defendant, Khalid Mason, hereby responds to the Motion to Quash filed by John M. Cicilline. In his Motion to Quash, Attorney Cicilline invokes the attorney-client privilege with respect to responsive documents relating to his representation of Derek Isom. This is the only argument he makes in support of quashing the subpoena duces tecum. Attorney Cicilline denies having any records relating to Khalid Mason.

Mason respectfully submits that the attorney-client privilege does not apply to communications among Mr. Isom, Mr. Cicilline, and Ms. Torres in light of the description of Mr. Isom's engagement of Mr. Cicilline in the type-written statement of Mr. Isom attached to the attorney proffer filed on Friday evening, June 1, 2007. More specifically, Mr. Isom's statement reflects that Mr. Isom engaged Attorney Cicilline with a view toward an unlawful objective, that is, payment of $150,000.00 in order to make the charges against Mr. Isom go away using Attorney Cicilline's corrupt relationship with Detective Partridge and others. (Mason refers the Court to the type-written statement of Isom, attached as Exhibit C to Mason's attorneys' Proffer.). The First Circuit Court of Appeals recognizes the crime-fraud exception to the attorney-client privilege. In re Grand Jury Proceedings (Gregory P. Violette), 183 F.3d 71, 75 (1st Cir. 1999). The crime-fraud exception ensures that the attorney-client privilege will "not extend to communications made for the purpose of getting advice for the commission of a fraud

or crime." Id. Thus, the attorney-client privilege is forfeited *inter alia* where the client sought the services of the lawyer to enable or aid the client to commit what the client knew or reasonably should have known to be a crime or fraud." Id. (citing United States v. Rakes, 136 F.3d 1, 4 (1st Cir.1998)).

Moreover, to the extent that the Court finds that any privilege remains, Attorney Patrick Sullivan, counsel for Mr. Isom, will be present for the hearing on June 4, 2007 and will address whether Mr. Isom is prepared to waive the attorney-client privilege.

Respectfully submitted,

KHALID MASON
By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly
Michael J. Connolly (MA BBO # 638811)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

## CERTIFICATION

I hereby certify that on June 3, 2007, a copy of the foregoing Opposition was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this foiling thorough the Court's CM/ECF system.

/s/ Kristie M. Passalacqua