UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-106-02S |
| | : | |
| KHALID MASON | : | |

**DEFENDANT KHALID MASON'S OPPOSITION TO THE CITY OF PROVIDENCE'S MOTION TO QUASH**

The Defendant, Khalid Mason, hereby responds to the Motion to Quash filed by the City of Providence ("City") on behalf of the Providence Police Department. The Defendant opposes the City's Motion and urges the Court to compel the Providence Police Department to produce all documents in its possession that are responsive to the subpoena duces tecum served on May 29, 2007.

I. Background Information

On Friday, May 25, 2007, the Defendant filed a motion to serve subpoenas duces tecum on one individual and five entities for the production of documents on May 31, 2007. Shortly after 4:30 p.m. on May 25, 2007, the Court granted Defendant's Motion. Monday, May 28, 2007, Memorial Day, was a State holiday and the U.S. District Court for the District of Rhode Island was closed. Therefore, Tuesday, May 29, 2007 provided the first opportunity for Defendant to have his subpoenas signed by the Clerk's office. Once signed, the subpoenas were served on the parties. The Providence Police Dept and the City of Providence filed a Motion to Quash the subpoena.

II. Argument

In its Motion, the City of Providence argues that the records sought are confidential personnel records under Rhode Island Law. The City also asserts that Federal Courts must

balance the competing concerns of relevance and need against privacy considerations. The Defendant agrees that the Court should engage in a balancing test to determine whether the documents should be produced. However, when the Court balances officers' rights to privacy against the relevance of the requested documents and their direct impact on the Defendant's Fourth and Sixth Amendment rights, the balancing clearly weighs in favor of the Defendant. The records must be produced.

A. Defendant's Fourth Amendment Right to Privacy Outweighs the Officers' Right to Privacy of Personnel Records

The Fourth Amendment to the United States Constitution reads:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The assertions of Defendant, and the sworn statements of those who have executed Affidavits in further support of Mason's Motion to Suppress, directly speak to serious violations of Mason's Fourth Amendment right against search and seizure without probable cause. Upon information and belief, documents in the Providence Police Department's possession may contain exculpatory evidence with respect to the charges pending against Mason. This evidence, which, upon information and belief, relates directly to the alleged scheme involving John M. Cicilline, Lisa Torres, Scott Partridge, and other police officers, would undermine the factual basis of the application for the search warrant issued for 214 Pavilion Avenue in January 2004. Documents and other evidence related to these allegations are clearly relevant and evidentiary as they go directly to the heart of Mason's Fourth Amendment rights.

B. Defendant's Sixth Amendment Right to Counsel Outweighs the Officers' Right to Privacy

The Sixth Amendment to the United States Constitution provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

The assertions of Defendant, and the sworn statements of those who have executed Affidavits in further support of Mason's Motion to Suppress, directly speak to serious violations of Mason's Sixth Amendment right to be represented by counsel. As stated in previously filed pleadings, upon information and belief, Mason's counsel in 2004, John M. Cicilline, and his colleague, Ms. Lisa Torres, colluded with Providence Police Officers to fabricate a factual basis for the government's application for a search warrant of the premises at 214 Pavilion Avenue, and the arrest of Mason (and Isom) that followed. Then, these same individuals colluded to obtain large amounts of money from Mason (and Isom) in order to get the warrant for his arrest lifted. Documents and other evidence related to these allegations are clearly relevant and evidentiary as they go directly to the heart of Mason's Sixth Amendment rights.

C. The Cases Cited in the City's Motion to Quash are Inapposite and Actually Support the Defendant's Position

The City's Motion to Quash cites the case of Burke v. New York City Police Dept., 115 F.R.D. 220 (S.D.N.Y. 1987). In Burke, the plaintiff sought, through discovery, the personnel records of several detectives. The Court balanced the competing interests and ordered the production of the personnel records of one individual because the information sought "may be

probative of whether they either acquiesced in or encouraged such behavior." The Burke Court found no similar justification for production of the other records, because the plaintiff had not *suggested* that any of the other individuals (whose records were also sought) were involved. Here, Defendant Mason has not sought the personnel records of any officer he does not allege was involved in the scheme. Therefore, rather than supporting the City's Motion to Quash, the reasoning of the Burke Court actually supports the precise relief Mason seeks here.

The City also refers the Court to United States v. Taylor, C.A. No. 06-013T, arguing that, "[T]he city was served with a similar subpoena for the disciplinary records of several police officers. The City filed a Motion to Quash and the Court granted the Motion. The same result should occur here." This Court should not rely on the Court's ruling in Taylor, because the circumstances surrounding the subpoena in Taylor are not similar to the circumstances in this case.

The City stated in its Motion in Taylor that the reason for filing the Motion to Quash stemmed from the fact the defendant made an oral motion to serve the subpoena which was denied. Moreover, in Taylor, notwithstanding the Court's denial of the oral motion for the subpoena, Taylor went forward and served the subpoena absent the required Court authorization. In contrast, in this case, as the City well knows, the Court granted Mason's written Motion to issue a subpoena. Thus, as is clear from the City's motion papers in Taylor, that case bears no factual parallels whatsoever to this case.

Should the Court allow Mason's subpoena to the Providence Police Department to stand, the Defendant Mason has no objection to the records being produced pursuant to a confidentially agreement in the first instance, until such time as it may become necessary to offer any such documents into evidence in the course of an evidentiary hearing or for some other purpose.

III. Conclusion

Based on the foregoing, the Defendant respectfully requests that the Court deny the City of Providence's Motion to Quash and Order the Providence Police Department to produce any and all documents in its possession that are responsive to the subpoenas duces tecum issued on May 29, 2007.

Respectfully submitted,

KHALID MASON

By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly
Michael J. Connolly (MA BBO # 638811)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

## CERTIFICATION

I hereby certify that on June 3, 2007, a copy of the foregoing Opposition was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this foiling thorough the Court's CM/ECF system.

/s/ Kristie M. Passalacqua