UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-106-02S |
| | : | |
| KHALID MASON | : | |

**DEFENDANT KHALID MASON'S OPPOSITION TO THE GOVERNMENT'S MOTION TO QUASH**

1. This is an extraordinary case possibly involving widespread corruption among law enforcement officials and a licensed attorney who is a member of the Rhode Island criminal defense bar, John M. Cicilline. Indeed, the United States Department of Justice already indicted Cicilline and his paralegal, Lisa Torres, for corrupting the criminal justice process in the United States District Court for the District of Massachusetts. The alleged corrupt role of Attorney Cicilline and the Providence Police Department goes to the foundation of our criminal justice system.

2. In connection with the Proffer filed by the undersigned counsel with this Court on Friday, June 1, 2007, the Defendant has submitted concrete evidence that Attorney Cicilline represented him in this case, contrary to the express representations of Cicilline to this Court on Friday, June 1, 2007, and sought to corrupt the outcome of this case for his own gain, and allegedly for the gain of corrupt police officers.

3. The Proffer submitted by the undersigned counsel on June 1, 2007, indicates that the Defendant has a reasonable basis to believe that investigations into these allegations have been conducted by the United States Marshals Service, the Drug Enforcement Administration, the Federal Bureau of Investigation, and possibly the United States Attorney's Office in

Massachusetts and other United States Attorney's Offices. Yet, no information developed in the course of any such investigation has been disclosed to the defense in this matter, with the exception of the two reports of Deputy U.S. Marshal Michael Wattik.[1]

4. Contrary to the contentions in the Government's Motion to Quash, each of the twenty-six (26) requests included in the subpoena to the U.S. Department of Justice are specifically tailored to obtain evidence regarding these substantiated allegations. As such, all such evidence is necessary in order for the defense to have a full and fair opportunity to vindicate his Fourth and Sixth Amendment rights.

5. In its Motion, the Government asserts that the subpoenas at issue do not meet the requirements set forth in Rule 17(c). Although this case is extraordinary, the Defendant asserts that he has satisfied the standards for a party moving under Rule 17(c).

A. The documents requested are evidentiary and relevant.

The documents sought related to these allegations are clearly relevant and evidentiary as they go directly to the heart of Mason's Fourth and Sixth Amendment rights. Admissibility, under the Federal Rules of Evidence, is not the standard that applies to an evidentiary, pre-trial hearing such as this one because the Federal Rules of Evidence do not apply to such hearings. U.S. v. Henderson, 265 F.Supp.2d 115 (D.Mass.2002)("While the information may not have

[1] In its Motion to Quash, the Government admits that it sent a letter to AUSA Weinreb, the attorney prosecuting the Cicilline case in Massachusetts, asking him to review the case for any evidence that might be exculpatory to Khalid Mason. The Government further states that it is still awaiting a response from Weinreb. To date, the Defendant has not been informed by the Government if the Cicilline case file contains exculpatory evidence, or any evidence at all that would connect the scheme alleged in the Cicilline Indictment to members of the Providence Police Department, Khalid Mason, or Derek Isom.

The Government cannot assert that it has fully complied with its obligations under Brady, Giglio, and the Federal Rules of Criminal Procedure, while at the same time admitting that it has not received word from USAO Weinreb regarding whether the USAO-MA, the DEA, the FBI, or the US Marshals Service has any information linking Providence Police Officers to the charges in the Cicilline Indictment or the Mason Indictment.

been admissible at trial, it was material to the merits of the Motion to Suppress, to which the Federal Rules of Evidence did not apply. See Fed.R.Evid. 1101(d)(1).") (See also U.S. v. Weaks, 1995 WL 791944 (D.Mass.,1995)("The rules of evidence normally applicable in criminal jury trials do not operate with full force at hearings before the trial judge to determine the admissibility of evidence … It is a common practice in the trial courts for the trial judge hearing a motion to suppress evidence to receive and consider arguments and reports of experience well beyond the scope of evidence admissible under the Federal Rules of Evidence.")).

B. The documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence.

The documents sought are maintained by various Federal and possibly State agencies. To date, the U.S. Attorney's Office has not provided the information requested through the normal discovery channels. Absent subpoena power, the Defendant does not have any other reasonable way to obtain these documents. Given the significance of the possible impact to the criminal justice system involved in this case, it is critical that the Court authorize the issuance of a subpoena to the United States Department of Justice and compel production of the requested documents.

C. The Defendant cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial.

The documents are necessary prior to trial because they concern the Defendant's Fourth and Sixth Amendment rights, and as such, have direct bearing on the Court's evidentiary hearing regarding factual misstatements in the affidavit in support of the search warrant and probable cause.

D. The application is made in good faith and is not intended as a general "fishing expedition."

The documents filed in support of Mason's Motion to Suppress, including his counsel's Proffer, the two affidavits, the statements from Derek Isom, and the disciplinary files (filed under seal), all support the fact that Mason is not on a fishing expedition.

6. The Defendant incorporates by reference his Opposition to the City of Providence's Motion to Quash. Should the Court allow Mason's subpoenas to the Department of Justice and the Providence Police Department to stand, the Defendant has no objection to the records being produced pursuant to a confidentially agreement in the first instance, until such time as it may become necessary to offer any such documents into evidence in the course of an evidentiary hearing or for some other purpose.

Conclusion

Based on the foregoing, the Defendant respectfully requests that the Court deny the Government's Motion to Quash and Order the Department of Justice and the Providence Police Department to produce any and all documents in its possession that are responsive to the subpoenas duces tecum issued on May 29, 2007.

Respectfully submitted,

KHALID MASON

By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly
Michael J. Connolly (MA BBO # 638811)

Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

**CERTIFICATION**

I hereby certify that on June 3, 2007, a copy of the foregoing Opposition was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this foiling thorough the Court's CM/ECF system.

/s/ Kristie M. Passalacqua