EXHIBIT 1

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

COMPLAINT TO SEARCH AND SEIZE PROPERTY/OR PERSON

To ALBERT E. DEROBBIO ~~Justice of the Supreme, Superior Court, or~~ Judge of the District Court of the State of Rhode Island

a) Insp. George R Dees, of the Providence Police Department

b)______________________________ a person authorized by law to bring complaints for violation of the law which it is may responsibility to enforce/a person who has a right to possession of the property stolen, embezzled, or obtained by false pretense or pretenses.

ON OATH COMPLAINS THAT:

(1) ~~Certain property has been stolen or embezzled, or obtained by false pretense, or pretenses, with intent to cheat or defraud within this state or elsewhere;~~

(2) Certain property has been kept, suffered to be kept, concealed, deposited, or possessed in violation of law, or for the purpose of violating the law;

Cocaine

(3) Certain property is designed or intended for use or is or has been used in violation of law, or as a means of committing a violation of law ;

(4)

and prays that a warrant to search for and seize said property/person be issued and if the same be subject to forfeiture, that the property be forfeited.

**The person/property and articles to be searched for and/or seized is:**

**Cocaine base, and or Cocaine, and articles relating to the sale and distribution of narcotics located at 214 Pavilion Ave 3rd floor Street, Providence, RI. The person to be searched is Derrick Isom 09/14/75, and Khalid Mason 01/16/76.**

**The name of the keeper, thereof (if known) is:**

**Khalid Mason 01/16/76.**

**The place and person to be searched is described as follows:**

**214 Pavilion Ave. 3rd floor, Providence, RI. Derrick Isom 09/14/75, and Khalid Mason 01/16/76.**

Your complainant prays that said warrant may be served in the day time and or in the nighttime for the reason that, 24 hour warrant: The target of the investigation uses the cover of darkness to facilitate his illegal activities.

Subscribed and sworn to before me ; Date: January 16, 2004

ALBERT E. DEROBBIO
Judge/Justice

Complainant

## SEARCH WARRANT

| | |
|---|---|
| State City/Town **PROVIDENCE**<br>Ex rel | County **PROVIDENCE** |
| Vs: **Derrick Isom 09/14/75, and Khalid Mason 01/16/76**<br><br>Respondent:: **214 Pavilion Ave. 3rd floor, Providence, RI.** | To:<br><br>Any Officer authorized by law to execute the within warrant |

Complaint and affidavit having been made to me under oath, and as I am satisfied that there is probable cause for the belief therein set forth that grounds for issuing a search warrant exist, you are hereby commanded diligently to search the place or person herein described for the property specified and to bring such property or articles, and to summon the owner, or keeper thereof, if any be named in the complaint, if to be found by you, to appear before the District Court in the district where such property shall have been seized, namely the Sixth Division of the District Court of Rhode Island.

**Place and person to be searched:**

**214 Pavilion Ave. 3rd floor, Providence, RI. Derrick Isom 09/14/75, and Khalid Mason 01/16/76.**

**Property and articles to be searched for:**

**Cocaine base, and/or Cocaine, and articles relating to the sale and distribution of narcotics, money, paperwork.**

**Name of keeper, thereof if known to complainant:**

**Khalid Mason 01/16/76.**

Said warrant may be served in the daytime - nighttime within seven (7) days from the issuance hereof, AND IF NOT SERVED WITHIN SAID TIME TO BE RETURNED FORTHWITH TO A CLERK OF THE DISTRICT COURT.

Property seized by you hereunder shall be safely kept by you under the direction of the Court so long as may be necessary for the purpose of being used as evidence in any case. As soon as may be thereafter, if the same be subject to forfeiture, such further proceedings shall be had thereon for forfeiture as is prescribed by law.

Hereof fail not and MAKE TRUE RETURN PROMPTLY OF THIS WARRANT TO A CLERK THERE SITTING with your doings thereon, accompanied by a written inventory of any property taken to a clerk sitting in the above named court.

Issued at **Providence** in the county of Providence this 16th day of January A. D. 2004.

[signature]

Judge of the District Court
Justice of the Supreme/Superior Court
ALBERT E. DEROBBIO

## ACKNOWLEDGMENT OF RETURN

Warrant received on 23 day of Jan, 2004, from

Det. Patridge at 6th Dist Court

[signature] Caroline

Clerk

## AFFIDAVIT

Your affiant upon oath states that he has reason to believe and does believe that grounds for such warrant exist and states the following facts on which such belief is founded on the following affidavit.

I, Det. Scott Partridge, a member of the Providence Police Departments Narcotics, Firearms, and Organized Crime Bureau of the City of Providence, State of Rhode Island, and Providence Plantations on solemn oath depose and say

I, Det. Scott Partridge, a member of the Providence Police Department, have reason to believe and do believe that a subject(s) known to me as **Derrick Isom 09/14/76, of 85 Dunnell Ave. 2nd floor Pawtucket, RI, and Khalid Mason 01/16/76 of 214 Pavilion Ave. 3rd Floor, Providence, RI are storing and selling large quantities of cocaine base from 214 Pavilion Ave. 3rd floor Providence, RI.**

During the month of December to the present, your affiant along with Det. Conley conducted surveillance on 85 Dunnell Ave. Pawtucket, RI, and 214 Pavilion Ave, Providence, RI. On numerous occasions, your affiant observed Isom entering and exiting both residences with the use of keys. Your affiant also observed Isom operating RI reg. UF-457, a black Yukon, and RI reg. 59417, a red Monte Carlo on numerous occasions throughout the cities of Providence, and Pawtucket. Further investigation revealed Isom resides at 85 Dunnell Ave. 2nd floor Pawtucket, RI with the mother of his children Malika Chinnery 05/17/73. Your affiant along with Det. Conley observed both Isom and Mason together in the Monte Carlo on several occasions. Further investigation revealed Mason resides at 214 Pavilion 3rd floor Providence, RI.

In the past several days, your affiant along with Det. Conley met with a confidential and reliable informant. This informant has never provided information to your affiant that has been found to be false or misleading. This informant has led to arrests, seizures, and convictions in the past. This informant has stated to your affiant that a subject(s) known to him/her as **Derrick Isom 09/14/75, and Khalid Mason 01/16/76,** are storing and selling cocaine base from 214 Pavilion Ave. 3rd Floor, Providence RI. This informant stated that over the past several days he/she has been inside the residence on several occasions where he/she has seen large quantities of cocaine base and has also purchased cocaine base from both **Derrick Isom and Khalid Mason.** The informant further stated Isom uses RI reg. 59417, a red Monte Carlo and UF-457, a black Yukon to distribute his cocaine. The informant also stated Isom uses cell phone number 255-2408 to conduct business transactions. After this conversation, the informant agreed to make a controlled purchase of cocaine from **Derrick Isom and Khalid Mason.**

With this information, your affiant along with Det. Conley drove to the area of Pavilion Ave. Your affiant then conducted a search of the informant's person and after finding no contraband or money, provided him/her with U.S. currency. Your affiant observed the informant use his/her cell phone and dial 255-2408 and order a quantity of cocaine. Upon completion of the phone call, the informant stated the subject he /she was speaking with was Derrick Isom. The informant then responded directly to the front door of 214 Pavilion Ave. At this time, your affiant observed a subject known as Derrick Isom, open the front door and allow the informant to enter. A short time later, your affiant observed the informant exit the same door and respond directly to a prearranged location where he/she met your affiant and Det. Conley. At this time, the informant handed your affiant a quantity of cocaine base and stated he/she handed the money to Khalid Mason, and Derrick Isom responded to the attic, and returned with a quantity of cocaine and handed it to him/her. Your affiant then conducted a search of the informant's person and found no contraband or money. Your affiant then provided two pictures to the informant from the Providence Police known person intelligence. At this time, the informant positively identified the pictures as the persons who had sold him/her the suspected Cocaine. It should be noted, the known intelligence photographs were that of a Derrick Isom 09/14/75, and Khalid Mason 01/16/76. Later in the NFOC office, at police headquarters, your affiant conducted a field test on a portion of the cocaine base purchased from 214 Pavilion Ave. 3rd Floor. This test proved positive for the presence of cocaine.

Within the past few days, your affiant along with Det. Conley met with the confidential informant again with the purpose of arranging another controlled buy. Your affiant then drove to the area of 85 Dunnell Ave. Pawtucket, RI. At this time, Det. Conley remained with the informant and conducted a search of the informant. After finding no contraband or money, Det. Conley provided the informant with US currency. The informant then placed a call to phone number 255-2408, and again ordered an amount of cocaine. Upon completion of the phone call, the informant stated he/she spoke with Derrick Isom and was told by Isom to respond to 214 Pavilion Ave. and wait in front. The informant then responded directly to 214 Pavilion Ave. with Det. Conley following and establishing surveillance.

At this time, your affiant observed Derrick Isom exit the front door of 85 Dunnell Ave. Pawtucket, RI and enter RI reg. 59417, a red Monte Carlo. Your affiant then followed Isom to 214 Pavilion Ave. At this time, Det. Conley observed Isom exit the Monte Carlo and enter the informant's vehicle. A short time later, Det. Conley observed Isom exit the informant's vehicle and enter 214 Pavilion Ave. with the use of keys. The informant then responded to a prearranged location. At this time, the informant handed your affiant a quantity of cocaine and stated the cocaine was purchased from Derrick. Your affiant then conducted a search of the informant's person and found no contraband or money. Later in the

NFOC office, your affiant conducted a field test on a portion of the Cocaine. This test proved positive for the presence of Cocaine.

Based on the aforementioned facts, your affiant believes there is sufficient probable cause for the issuance of a Search Warrant for 214 Pavilion Ave. 3rd floor Providence, RI, and 85 Dunnell Ave. 2nd floor Pawtucket, RI, and person's described as **Derrick Isom 09/14/75 and Khalid Mason 01/16/76.**

01/16/04
**Date**

Det [signature]
**Affiant**

Providence, Sc. In Providence this **16th** day of **January**, 2004, before me

personally came **Det. Scott Partridge** and made oath to the truth of the foregoing.

[signature]
Judge of the District Court