IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-106-02S |
| | ) | |
| KHALID MASON | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF GOVERNMENT'S CONFIDENTIAL INFORMANT

Defendant has moved for the disclosure of the identity of the confidential informant. The government opposes for the reasons below.

In the seminal case, Rovario v. United States 353 U.S. 53 (1957), the Supreme Court held that the government, given the particularities of the case, was required to reveal the identity of the informant. In Rovario, the defendant and the informant were the only participants in the crime. Id. at 64. The informant was the sole witness who could amplify or contradict the testimony of the government witness. Id. The Court stated that while the government has a privilege to withhold the identity of an informant, a balancing test of the public's interest in a flow of information to law enforcement officers and a individual's right to prepare his defense was warranted. Id at 62. A proper balance is determined on the specific merits presented by each case. Id.

In this case, the scales tip in favor of non-disclosure. As the attached affidavit in support of the search warrant application explains, a reliable and confidential source informed

the Providence Police Department of drug dealing activities at the 214 Pavilion Avenue, 3rd Floor. In the days preceding the execution of the search warrant, the Providence Police Department conducted two controlled purchases of crack cocaine from Derrick Isom, the first of which involved the defendant, Khalid Mason. Based upon this information, the Providence Police obtained a search warrant from a state District Court Judge on January 16, 2004. Officers executed the search warrant on the day of its issuance. The informant was not present during the search of 214 Pavilion Avenue. The subsequent search by police of the 3rd floor turned up 303 grams of crack cocaine and other evidence.

A three count indictment was returned by a Federal Grand Jury against the defendant, Khalid Mason, charging him with conspiracy, possession with intent to distribute, and maintaining drug related premises. The indictment does not charge any offense involving a drug transaction engaged in or witnessed by the informant.

Whether to order disclosure of the informant's identity is a decision within the sound discretion of the trial judge. United States v. Batista-Polanco, 927 F.2d 14, 19 (1st Cir. 1991). The informant privilege must be breached if the informer was the sole participant, other than the defendant, in the transaction charged and was the only witness in a position to amplify or contradict the testimony of a government witness. Id. Otherwise,

disclosure of the informant's identity is mandated only in the exceptional case - where the defendant can point to concrete circumstances sufficient to overcome the public interest in protecting the flow of information to law enforcement. See United States v. Gomez-Genao, 267 F.3d 1, 2-3 (1st Cir. 2001); United States v. Lewis, 40 F.3d 1325, 1335 (1st Cir. 1994). Mere speculation as to the usefulness of an informant's testimony to the defendant is insufficient to justify disclosure of the informant's identity. See United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991). The defendant has a heavy burden of providing at least some explanation of how the informer's testimony would support the alleged defenses. See Gomez-Genao, 267 F.3d at 1; Martinez, 922 F.2d at 921; see, e.g., United States v. Giry, 818 F.2d 120, 130 (1st Cir. 1987) (requiring the defendant to set forth a tenable defense theory that necessitates the informant before ordering disclosure of the informant's identity). Where the informant is a "tipster," disclosure of identity is required only in the exceptional case. Further, disclosure may not be required even though the informant is present during the commission of the offense. Martinez, 922 F.2d at 921.

In United States v. House, 604 F.2d 1135 (8th Cir. 1979), the defendant sought the identity of a "tipster" informant. The defendant was charged and convicted of possession of a controlled

substance with intent to distribute and of possession of a controlled substance. Id. The drugs were seized from the defendant's apartment and vehicle during the execution of two search warrants. Id at 1137. A confidential and reliable informant had told the affiant police officer that within the seventy-two hours prior to the application for the search warrant, he had been in the defendant's apartment and had seen the defendant in possession of a large quantity of controlled substances offered for sale. Id at 1137-38. The defendant argued two reasons why disclosure of the informant's identity was necessary. First, he argued that because every person at the apartment within the seventy-two hour period had signed an affidavit that he/she was not the informant, the informant's identity could prove that the affiant intentionally or recklessly misrepresented the informant's existence or knowledge. Id at 1138. Second, he claimed that the informant was a material defense witness who could testify that the drugs found by the police did not belong to the defendant. Id at 1140. The Court held that the informant was a "tipster" and that his identity need not be disclosed. Id.

Here, the defendant does not present any argument as to why he is entitled to the disclosure of the informant's identity. Defendant does not argue that the informant has exculpatory evidence, nor does the defendant argue that the informant has any

evidence whatsoever that is relevant to the charged conduct. The informant is not a witness to the charged offenses, nor does the government intend to introduce at trial evidence of a controlled buy. The fact that information provided by the informant was contained in an affidavit does not subject his identity to disclosure.

Concurrently, the circumstances presented by this case do not rise to a level that justify overriding the government's interest in protecting the safety of the informant. As the court is aware, trafficking in illegal narcotics is a dangerous activity and without confidential informants the government's ability to conduct narcotics investigations would be severely impeded. Confidential informants take great personal risks to aid law enforcement. The revelation of an informant's identity compounds that risk and places in jeopardy future efforts by the government to secure the public's safety and the rule of law.

Here, although the defendant is in custody, the safety of the informant may nonetheless be in jeopardy, either from the defendant's family or those in the community who disapprove of individuals cooperating with the police. Also, disclosure unnecessarily exposes the informant to later threats of a retributive nature. Additionally, as the Court is probably aware, there are groups in society who are actively attempting to discourage such cooperation by posting the identity of informants

on websites like "www.whosarat.com." Disclosure of the informant's identity in a case such as this will deprive law enforcement of future reliable sources of information without serving a real need of the defendant's with respect to the charged offenses.

For the foregoing reasons, defendant's motion for disclosure of the informant's identity should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATION

On June 7, 2007, I caused the within "Government's Response to Defendant's Motion for Disclosure of the Confidential Informant" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Kristie M. Passalacqua
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj