IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) Cr. No. 06-106-02S
)
KHALID MASON )

# GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SERVE SUBPOENA DUCES TECUM

The Court should deny the defendant's motion to serve a subpoena duces tecum on the Providence Police Department for "documents related to Sergeant David Lucier" because the defendant has not shown that the documents are evidentiary and relevant, or that the application is made in good faith.

## LAW

A defendant's use of a subpoena as a discovery device has long been prohibited. See United States v. Nixon, 418 U.S. 683, 698 (1974); United States v. Henry, 482 F.3d 27, 30 (1st Cir. 2007); United States v. Kohn, 181 F.3d 81 (1st Cir. 1999) (unpublished); see also United States v. Tokash, 282 F.3d 962, 971 (7th Cir. 2002) ("Rule 17 (c) is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge."). To obtain production of documents pursuant to a Rule 17 subpoena, the moving party must show:

> (1) that the documents are evidentiary and relevent (sic); (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such

> inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Nixon, 418 U.S. at 699; Tokash, 282 F.3d at 971; United States v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992); United States v. LaRouche Campaign, 841 F.2d 1176, 1179 (1st Cir. 1988); United States v. Lieberman, 608 F.2d 889, 904 (1st Cir. 1980). "Mere speculation as to the content of documents is hardly a showing of relevance." Concemi, 957 F.2d at 949.

ARGUMENT

The defendant seeks permission to rifle through the personnel records of Sergeant Lucier, an individual unrelated to this case, based upon the rumor and innuendo of an anonymous tipster. Specifically, the defendant seeks "all documents reflecting complaints regarding Sgt. David Lucier and any disciplinary action taken against him." However, the discovery rules governing a federal case do not require that the government make personnel files of government employees available for defense perusal. See generally United States v. Dent, 149 F.3d 180, 191 (3rd Cir. 1998).

The records sought are not the proper subject of a Rule 17(c) subpoena and the request constitutes nothing more than a fishing expedition. Nothing in Sergeant Lucier's personnel records would be relevant to the case at hand or admissible at trial. He is not a witness in the defendant's case and was not

even assigned to the narcotics unit at the time the search warrant was executed at the defendant's apartment. Sergeant Lucier was reassigned from the Providence narcotics unit to the patrol unit on February 16, 2001. Sergeant Partridge was not assigned to the Providence narcotics unit until May 6, 2001. The two never worked together in the narcotics unit; Sergeant Lucier was never Sergeant Partridge's supervisor; and, the two have never been partners. In short, Sergeant Lucier has no connection to the defendant's case or any relevance to the ever-changing defense theory.

Furthermore, the uncorroborated letter from an anonymous tipster does not provide the defendant with a good faith basis for seeking a subpoena pursuant to Rule 17(c). The anonymous tipster's initial claim, i.e., that "Lussier was in the drug unit at the time in question, he was Partridge's boss in the drug unit" is completely false. The wild theories espoused in the anonymous letter do not even substantiate the defendant's claim that Sergeant Partridge was Cicilline's "inside man," and certainly the anonymous tipster's speculation does not have any bearing on the veracity of the affidavit.

The present hearing is about the veracity of the affiant of the search warrant. Uncorroborated, anonymous tipsters have no place in a court of law and do not provide a legal basis for subpoenaing the personnel records of public servants.

CONCLUSION

Based on the foregoing, the government asks that the Court deny the defendant's motion. The government has fulfilled its discovery obligations.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY

/S/SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATION

I hereby certify that on July 9, 2007, a copy of the within "Government's Response to Defendant's Motion to Serve Subpoena Duces Tecum" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Kristie M. Passalacqua
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj