UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-106-02S |
| | : | |
| KHALID MASON | : | |

**DEFENDANT KHALID MASON'S**
**MOTION IN LIMINE TO EXCLUDE ALL STATEMENTS MADE BY THE GOVERNMENT'S CONFIDENTIAL INFORMANT**

The Defendant, Khalid Mason, hereby requests that this Court order that all statements made by the Government's confidential informant, including all statements by the confidential informant that were made indirectly through Sgt. Scott Partridge in Sgt. Partridge's Affidavit dated January 16, 2004, be precluded from use at trial, for any purpose, as they are inadmissible hearsay. The confidential informant's statements do not fall within any exception to the hearsay rule.

The confidential informant's statements are unreliable because they come from a declarant who entered into a cooperation agreement with the Providence Police Department that prohibited him or her from committing violations of law. This confidential informant, however, violated the law with impunity. Notwithstanding these violations, this informant continued to be a paid source used by the Providence Police Department. This confidential informant is a felon who was exonerated for violating the terms of the cooperation agreement. The reliability of statements allegedly from such a declarant is nonexistent. Allowing any such statements to be used at trial, for any purpose, would compromise Defendant Mason's Constitutional right to confront evidence against him and would be enormously prejudicial.

Specifically, Sgt. Partridge's affidavit dated January 16, 2004 states: "This informant stated that over the past several days he/she has been inside the residence on several occasions where he/she has seen large quantities of cocaine base *and has also purchased cocaine base*." See Affidavit, attached at Exhibit A. During his testimony at the suppression hearing, Sgt. Partridge testified that this alleged previous purchase was not a controlled buy orchestrated by the Providence Police Department and that it constituted a violation of the confidential informant's cooperation agreement.

All statements by this confidential informant should be excluded under Federal Rules of Evidence 801 and 802. Under FRE 801 and 802, hearsay statements offered in evidence to prove the truth of the matter asserted are inadmissible.

WHEREFORE, Defendant Khalid Mason respectfully requests that this Court grant his Motion in Limine and order that the Government be precluded from using at trial, for any purpose, any and all statements made by the Government's confidential informant, including that these statements may not be allowed into evidence indirectly through Sgt. Partridge, as they constitute inadmissible hearsay.

Respectfully submitted,
KHALID MASON

By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

Dated: July 17, 2007

**CERTIFICATION**

I hereby certify that on July 17, 2007, a copy of the foregoing Motion in Limine was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this foiling thorough the Court's CM/ECF system.

/s/ Kristie M. Passalacqua