UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-106-02S |
| | : | |
| KHALID MASON | : | |

**DEFENDANT KHALID MASON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

The Defendant, Khalid Mason, respectfully requests that the Court enter an Order compelling the Government to produce copies of all transcripts of recorded conversations in the matter *United States v. Joseph Bevilacqua, et al., Cr.No. 07-10008-NMG* (the "Boston Cicilline case file") pending in the United States District Court for the District of Massachusetts.

Based on the testimony elicited at the recent three-day Franks hearing and based on Defense counsel's notes from her initial review of the Boston Cicilline case file, counsel for the Defendant has reason to believe that these transcripts contain exculpatory evidence that is highly relevant to the pending prosecution. The Defendant is not prepared to disclose its theories with the Government at this time, but will disclose them to the Court, *in camera*, if necessary in order to procure the requested transcripts. Disclosure of the reasons why information on the tapes is exculpatory would require the disclosure of attorney work-product.

On July 13, 2007, counsel for the Defendant sent a letter to the Government requesting copies of these transcripts. On July 16, 2007, counsel for the Defendant spoke with the Government and requested the Government's assent to his Motion to Enlarge

Time to File Recorded Conversations. In support of its request for assent, counsel for the Defendant explained that she needed additional time to review transcripts from the Boston Cicilline case file in order to determine exactly which recorded conversations the Defendant will propose to offer as evidence at the trial of this matter. In fact, the Defendant's Assented-To Motion outlines the very reasons why the Defendant sought an enlargement of time from the Court. See Assented-To Motion, attached at Exhibit A. During this conversation, The Defendant referenced her letter requesting copies of the transcripts and the Government acknowledged receipt of same. After leaving two voicemail messages, counsel for the Defendant spoke with AUSA Kenneth Madden again on July 20, 2007 to ask if she could pick up the copies of the transcripts that afternoon. Defense counsel was informed that the copies had not been made and would not be made that day. AUSA Madden informed counsel that he had not done anything with respect to the Defendant's request and instructed counsel to follow-up on this request on Monday, July 23, 2007. On July 23, 2007, ten days after the initial request was made, Counsel for the Defendant received a letter from the Government in which the Government refused to provide copies of the transcripts to Defense Counsel, alleging that the demand is "overly burdensome." Counsel then spoke with AUSA Beckner, the drafter of the letter, who communicated unprovoked hostility and condescension in response to the Defendant's request for these transcripts.

As this Court is aware, counsel for the Defendant spent the better part of three weeks back in June reviewing the Boston Cicilline case file. Therefore, Defense counsel is well aware of how "burdensome" this transcript request would be on the Government. Documents in the Boston Cicilline case file make up just four piles of documents. The

transcripts of recorded conversation make up one, if not one and half, of these piles. To make a complete copy of the requested transcripts would require someone to place the stack of transcripts on a copy machine and hit the "copy" button. Nothing needs to be labeled, nothing needs to be tabbed. This task could easily be completed in less that one half hour – start to finish. In all fairness, this request can not be categorized as "burdensome."

There are now only two weeks remaining before the Defendant must file his list of recorded conversations that he proposes to offer as evidence at trial. As the Government is aware, it is a time-consuming process to review these transcripts and recordings.

Wherefore, the Defendant respectfully requests that this Court grant his Motion to Compel and Order the Government to produce a copy of all transcripts of recorded conversations in the Boston Cicilline case file within one day of the Court granting this Motion.

Counsel for the Defendant will make herself available to explain to the Court, at the Court's convenience and *in camera*, her reasons for believing that the transcripts contain exculpatory evidence.

Respectfully submitted,
KHALID MASON

By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)

kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

Dated: July 24, 2007

## CERTIFICATION

I hereby certify that on July 24, 2007, a copy of the foregoing Motion to Compel was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this foiling thorough the Court's CM/ECF system.

/s/ Kristie M. Passalacqua