UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 06-106-02S |
| | : | |
| KHALID MASON | : | |

**DEFENDANT KHALID MASON'S PRE-TRIAL MEMORANDUM**

Pursuant to the Court's Pre-Trial Scheduling Order dated June 25, 2007 and filed June 29, 2007 (Document No. 102), the Defendant, Khalid Mason, files this Pre-Trial Memorandum.

## I. Issues

1. Whether the crack cocaine allegedly recovered from 214 Pavilion Avenue was placed there by someone other than Mason, and without Mason's knowledge and involvement.

2. Whether Mason ever engaged in a conspiracy to distribute crack cocaine in January 2004, as alleged in the Indictment.

3. Whether Mason knowingly, willfully, and voluntarily joined in a conspiracy with Isom to distribute crack cocaine, as alleged in the Indictment.

4. Whether Mason acted with the specific intent that the alleged underlying crimes, as alleged in the Indictment, be committed.

5. Whether Mason intended to agree with Isom to engage in a conspiracy to distribute crack cocaine.

6. Whether evidence of a controlled buy is admissible.

7. Whether, at some time during the existence of the alleged agreement to commit violations of law, Mason knowingly and willingly committed at least one of the overt acts charged in the Indictment.

8. Whether the crack cocaine and related drug paraphernalia seized on January 16, 2004 from 214 Pavilion Avenue, 3rd floor, was in any way linked to Mason.

9. Whether the crack cocaine and related drug paraphernalia seized on January 16, 2004, was planted by John M. Cicilline, Lisa Torres, Detective Scott Partridge, or someone working in connection with any one, or a combination of, those three individuals.

## II. Argument

1. The Government's theory of prosecution fails because the Government cannot establish the elements of Counts I, II, and III beyond a reasonable doubt.

2. To prove the elements of the crime of conspiracy, the Government must show the existence of a conspiracy, the defendant's knowledge of the conspiracy, and the defendant's voluntary participation in the conspiracy. U.S. v. Gomez-Pabon, 911 F.2d 847, 852 (1st Cir. 1990). More specifically, to establish that a defendant belonged to and participated in a conspiracy, the Government must prove two kinds of intent: "intent to agree to the conspiracy and intent to effectuate the object of the conspiracy." United States v. Casas, 356 F.3d 104, 126 (1st Cir. 2004). Although the Government need not prove that the conspiracy succeeded, there must be sufficient evidence both that they knew about the conspiracy and that they knew the ancillary service would advance that conspiracy. United States v. Garcia-Torres, 280 F.3d 1, 4 (1st Cir. 2002). The mere presence at the scene of the crime does not establish conspiracy to

participate in that crime. U.S. v. Gomez-Pabon, 911 F.2d 853. Nor does mere association with conspirators prove that the defendant joined the conspiracy. Id.

3. The evidence will not link Mason to the alleged conspiracy.

4. The testimony elicited at the Franks hearing in this case supports Mason's defense that the drugs found at 214 Pavilion Avenue on January 16, 2004 were not Mason's and were planted at 214 Pavilion by John M. Cicilline, Lisa Torres, Detective Scott Partridge, or someone working for any one or any combination of those three individuals.

## III. Requested Voir Dire Questions and Jury Instructions

The Defendant will file his proposed voir dire questions and proposed jury instructions under separate cover and in accordance with the Pre-Trial Scheduling Order.

## IV. Witness and Exhibit Lists

The Defendant will submit a witness list and exhibit list under separate cover prior to the commencement of trial.

## V. Pending Matters

1. Defendant's Motion to Suppress all Physical Evidence; and
2. Defendant's Motion in Limine to Exclude All Statements Made by the Government's Confidential Informant as Inadmissible Hearsay.

## VI. Estimated Time of Trial

Counsel for the Defendant estimates that the presentation of evidence at trial on behalf of Mr. Mason will last three days.

Respectfully submitted,
KHALID MASON

By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

Dated: July 24, 2007

## CERTIFICATION

I hereby certify that on July 24, 2007, a copy of the foregoing Pre-Trial Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this foiling thorough the Court's CM/ECF system.

/s/ Kristie M. Passalacqua