IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 06-106-02S |
| | ) | |
| KHALID MASON | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

The Court should deny the defendant's motion to compel because it seeks documents not subject to discovery under Fed. R. Cr. P. 16, Fed. R. Cr. 26.2, or federal case law. See United States v. Henry, 482 F.3d 27, 30 (1st Cir. 2007) ("In federal criminal trials, defense access to government evidence that is exculpatory or helpful in impeaching government witnesses is governed by a set of statutory and rule-based requirements elaborated through much doctrine.") More importantly, however, the transcripts sought by the defendant are immaterial to his case and constitute inadmissible hearsay. See United States v. Reyes, 270 F.3d 1158, 1167 (7th Cir. 2001) ("Brady does not require a prosecutor divulge every scintilla of evidence that might conceivably inure to a defendant's benefit."); United States v. Blais, 98 F.3d 647, 651 (1996) (evidence is only material if there is a "reasonable probability" that had it been disclosed the result of the proceeding would have been different).

In the present case, the government, including the United States Attorney's Offices in the Districts of Rhode Island and Massachusetts, the United States Drug Enforcement Administration,

the Federal Bureau of Investigation, and various state agencies have gone to considerable lengths to provide the defendant with access to government files that have no relationship to the defendant's case. Hundreds of man-hours have been devoted to supplying what has become a never-ending stream of discovery requests from the defendant. Now, after providing the defendant with access to the case file in an unrelated federal prosecution, and providing defendant with copies of any documents and tapes requested during and after the review of that file, the defendant demands a copy of all transcripts in the case. Furthermore, the defendant's counsel indicated that depending on counsel's review of those transcripts, defense counsel may request even more copies of tapes, aside from the 26 already provided.

The government believes that it has fulfilled its discovery obligations and that under the law it is not required to devote any more resources to what has become an endless fishing expedition. Given the defendant's stated theory of the case and the fact that the rules of evidence do not apply at a pretrial hearing, at least arguably the defendant could identify a use for copies of the transcripts and tapes from United States v. Joseph Bevilacqua, et al., Cr. No. 07-10008-NMG, at a pretrial hearing. However, it should be noted that none of the tapes or transcripts were admitted into evidence at the hearing. Now that the hearing is over and the defendant must contend with the hearsay rule

before introducing tape-recorded conversations of unrelated third-parties at trial, there is not even an arguable basis for the defendant's request.

Finally, as the Court is aware, ex parte in camera discussions with either side are generally prohibited; and, while the Court could certainly review documents in camera, the defendant's request to argue his theory of defense ex parte in camera is improper. For all of the reasons stated above, the government respectfully requests that the Court deny the defendant's motion to compel.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY

/S/SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
sandra.beckner@usdoj

CERTIFICATION

I hereby certify that on July 26, 2007, a copy of the within "Government's Response to Defendant's Motion to Compel" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Kristie M. Passalacqua
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj