IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 06-106-02S |
| | ) | |
| | ) | |
| KHALID MASON | ) | |

GOVERNMENT'S MOTION IN LIMINE

The government moves the Court to issue a pretrial ruling regarding two evidentiary matters that have arisen during the litigation of this case. In the Court's Order denying the defendant's motion to suppress dated July 26, 2007, the Court indicated that it may (1) find that "an officer's testimony [should] be excluded because its reliability, and therefore probative value, is too low compared to its prejudicial effect," or (2) instruct the jury that testimony not corroborated by contemporaneous documentation may be disregarded or that the jury may consider the lack of contemporaneous notes in assessing whether the officer's testimony is credible. The government requests a pretrial ruling on these matters because it will be without an appellate remedy should the Court decide to suppress evidence or issue an instruction effectively suppressing evidence after jeopardy has attached. See 18 U.S.C. § 3731.

EXCLUSION OF TESTIMONY BASED UPON THE COURT'S ASSESSMENT OF WITNESS RELIABILITY

The Federal Rules of Evidence do not allow "a trial judge to remove relevant evidence from the jury's universe solely because he finds the evidence unpersuasive." Blake v. Pellegrino, 329 F.3d 43, 47 (1st Cir. 2003)[1]. This is because, "'[i]t is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses . . . and draws the ultimate conclusions as to the facts.'" Id. (citing Boston & Me. R.R. v. Cabana, 148 F.2d 150, 152 (1st Cir. 1945).

In United States v. Scheffer, 523 U.S. 303, 313 (1998), a case upholding the per se rule against the admission of polygraph evidence in court martial proceedings, the Supreme Court came to the same conclusion regarding the jury's role stating:

> A fundamental premise of our criminal trial system is that 'the jury is the lie detector'. United States v. Barnard, 490 F.2d 907, 912 (C.A.9 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the "part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men." Aetna Life Ins.

---

[1]1 The Court may exclude evidence under the Federal Rules of Evidence in certain situations, such as expert opinion testimony lacking a reliable foundation under Daubert and Fed. R. Evid. 702, hearsay under Fed. R. Evid. 802, evidence lacking foundation under Fed. R. Evid. 901, and unfairly prejudicial evidence under Fed. R. Evid. 403. None of these rules, however, allow a trial judge to exclude witness testimony because he finds it lacking in credibility.

Co. v. Ward, 140 U.S. 76, 88, 11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891).

Questions concerning the scope of a witness's knowledge is relevant when assessing the weight of the testimony, not its admissibility. See United States of America v. McGuire, 389 F.3d 225, 229 & n.2 (1st Cir. 2004)[2]. The First Circuit has recognized this distinction in other circumstances as well. See, e.g., United States v. Barrow, 448 F.3d 37, 42 (1st Cir. 2006) (holding that gaps in the chain of custody of evidence factors into its weight, not its admissibility); United States v. Anderson, 452 F.3d 66, 80-81 (1st Cir. 2006) (same).

In the case at hand, the lack of contemporaneous surveillance notes will likely be fully explored on cross-examination and may undercut the weight attributed to such testimony by the jury; however, the lack of notes does not affect the admissibility of the testimony. For example, civilian witnesses rarely have notes documenting what they saw or heard, yet, their testimony is routinely admitted.

The Court's opinion as to the believability of witnesses should play no part in its decision to admit such evidence. The offered testimony is neither unfairly prejudicial in its effect nor does it tend to confuse or mislead the jury in its fact-finding task. Much to the contrary, the testimony of Providence

[2]2 Judgment vacated and case remanded for consideration in light of United States v. Booker, 543 U.S. 220 (2005).

Police Sergeant Scott Partridge, Detective Peter Conley, and others enhances the available information from which the jury could draw appropriate conclusions. The veracity of their recollections concerning the surveillance of the defendant's 214 Pavilion Avenue residence is properly the realm of the jury.

## JURY INSTRUCTIONS

A jury instruction which directs the jury to ignore a category of evidence is in effect a suppression ruling. In its Order dated July 26, 2007, the Court indicated that it may issue "an instruction to the jury, as part of this Court's usual instruction on how to judge witness credibility, that such undocumented evidence may be disregarded or that the jury may consider the lack of contemporaneous notes or other evidence in determining whether the officer's testimony is credible." (Order dated July 26, 2007, p. 19). So as to preserve its appellate remedies, see 18 U.S.C. § 3731, the government requests an in limine ruling from the Court as to whether it intends to issue an instruction to the jury to disregard evidence in this case.

## CONCLUSION

Based on the foregoing, the government respectfully requests a pretrial ruling regarding the Court's intention to exclude the

testimony of officers, or in the alternative, instruct the jury to disregard the testimony of officers.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On August 1, 2007, I caused the within "Government's Motion in Limine" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Kristie M. Passalacqua
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email sandra.beckner@usdoj.gov