IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 06-106-02S |
| | ) | |
| KHALID MASON | ) | |

GOVERNMENT'S SECOND MOTION IN LIMINE

The government moves the Court to preclude the defendant from calling any person, including John M. Cicilline, Lisa Torres, and Roger Murray, as witnesses at the trial, where said person intends to invoke the Fifth Amendment privilege to questions posed to them before the jury. The general rule is that silence is completely ambiguous and thus of little or no evidentiary significance. See United States v. Hale, 422 U.S. 171, 176-78 (1975); United States v. Zaccaria, 240 F.3d 75, 79-80 (1st Cir. 2001). Moreover, such silence is "inherently prejudicial" as the jury is likely to assign more weight to silence than is warranted. Zaccaria, 240 F.3d at 80.

"It is well settled that the jury is not entitled to draw any inferences from the decision of a witness to exercise his constitutional privilege whether those inferences be favorable to the prosecution or the defense." Bowles v. United States, 439 F.2d 536, 541 (1970); see United States v. Castorena-Jaime, 285 F.3d 916, 931 (10th Cir. 2002); United States v. Taylor, 154 F.3d 675, 684 (7th Cir. 1998); United States v. Klinger, 128 F.3d 705, 710 (9th Cir. 1997); United States v. Griffin, 66 F.3d 68, 70-71 (5th Cir. 1995); Nezowy v. United States, 723 F.2d 1120, 1124 &

n.6 (3rd Cir. 1983); United States v. Lacouture, 495 F.2d 1237, 1240 (5th Cir. 1974); United States v. Johnson, 488 F.2d 1206, 1211 (1st Cir. 1973); United States v. Tush, 165 Fed. Appx. 742, 744 (11th Cir. 2006) (unpublished); United States v. McLean, 145 F.3d 1327, 1998 WL 225133, at *2 (4th Cir. 1998) (unpublished). Since the jury may not make an inference from the fact that a witness invoked his constitutional privilege, there is no relevance to the jury's observation of his invocation.

Although silence may have some probative value in a situation where it "would have been natural under the circumstances to object to the assertion in question," see generally Hale, 422 U.S. at 176, the questioning engaged in by defense counsel at the suppression hearing and likely planned for trial is not such a situation. When, as is the case here, the witnesses may be at various stages of the criminal justice process, there are numerous reasons to invoke the privilege, not the least of which is that the witness is acting upon the advice of counsel or the witness has concerns that any answer given to the question may be used against him or her in some pending or future prosecution.

Whatever the rationale, since the witness cannot explain his or her reason for invoking the privilege, the danger of unfair prejudice is particularly present. See Bowles, 439 F.2d at 541-41 ("The jury may think it high courtroom drama of probative

significance when a witness 'takes the Fifth.' In reality, the probative value of the event is almost entirely undercut by the absence of any requirement that the witness justify his fear of incrimination and by the fact that it is a form of evidence not subject to cross-examination.").

CONCLUSION

Based on the foregoing, the government respectfully requests a pretrial ruling from the Court precluding the defendant from calling witnesses at the trial who intend to invoke the Fifth Amendment privilege to questions posed to them before the jury.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on August 1, 2007, I caused the within "Government's Second Motion in Limine" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Kristie M. Passalacqua
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email sandra.beckner@usdoj.gov