UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff, | : | |
| v. | : | CR No. 06-106-02S |
| Khalid Mason, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - -

**ORDER**

The Government has filed a motion in limine in which it requests that this Court make various pretrial rulings, which it seems to believe are signaled by the Decision and Order denying the Defendant's Motion to Supress. The motion borders on disingenuous in its description of this Court's prior ruling. Its premise is so fundamentally flawed that it must be denied as moot.

If the Government would simply take the time to carefully read this Court's order it will see the following:

1. The Court denied the Motion to Suppress, finding that "Mason simply has not presented any credible evidence that Scott Partridge lied in his affidavit or the search warrant." How the Government could then imply in its motion that the Court has reached the conclusion that it does not believe Partridge's testimony and intends to categorically exclude it is beyond comprehension.

2. Footnote 7 of the Decision specifically notes that the effect of the circumstantial evidence to be presented by Mason at trial

might be different. Obviously this means that Mason's evidence may undercut the evidence the Government intends to present at trial, which clearly includes the testimony of Partridge and Conley. This, of course will be for the jury to decide.

3. This Court took the opportunity in its Decision to point out some serious flaws in police practices and procedure that need to be corrected in the future (i.e., taking notes; recording statements). The Order makes clear that if these problems are not corrected in the future in spite of this Court's suggestions, the Court will consider corrective action. See (again) United States v. Azure, 1999 WL 33218402 (D.S.D. Oct. 19, 1999). (If the Government would take the time to read Azure, it would see the process followed by the district court in that case is quite similar to what this Court is saying here).

The Court did not, as the Government appears to imply, rule that it may, in this case, "find that an officer's testimony should be excluded because its reliability, and therefore probative value, is too low compared to its prejudicial effect." This assertion is at best a serious - and inexcusable - misreading the Court's Decision.

At the present time the Court has received no motion on behalf of the defendant to exclude any of the Government's evidence and has no expectation to modify its jury instructions regarding witness credibility. Nothing in this Court's order could

reasonably be read to imply differently. However, the Court will entertain whatever suggestions the parties may make at the charge conference.

The Court could not have been much clearer about its suggestions for prospective improvement in law enforcement practices, practices that are frankly not rocket science, and are common in many of the most forward-thinking law enforcement agencies around the country and here in Rhode Island. As was implicitly clear in the Decision and Order, this Court will not make any prospective rulings on evidentiary matters or jury instructions without first receiving appropriate motions and/or briefing by the parties; or if the Court concludes on its own initiative that it should take action in some future case resulting from recalcitrance from law enforcement, such steps will only be taken after briefing and argument. That has been and will continue to be this Court's practice. The motion in limine is DENIED as moot.

It is so Ordered

WESmith

William E. Smith
United States District Judge
Date: 8/3/07