IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : Cr. No. 06-106-02S
:
KHALID MASON :

**DEFENDANT'S OBJECTION TO THE**
**<u>GOVERNMENT'S SECOND MOTION IN LIMINE</u>**

What is remarkable about the Government's Second Motion in Limine is that it requests the Court to preclude Khalid Mason from calling witnesses to testify at his criminal trial that could have exculpatory information. This is an exceptional case involving troubling allegations and broader public policy implications for Rhode Island's criminal justice system. As this Court has observed, "to deny [Mason] the opportunity to pursue [his] serious – and partially corroborated – allegations in a judicial forum, with its attendant guarantees of independent and impartiality, would be to render this Court nothing more than a shill of the government…"[1] If the drugs seized from 214 Pavilion Avenue on January 16, 2004 were planted, Khalid Mason is not guilty. This is an exculpatory defense that the Defendant has a Constitutional right to present. Therefore, the Defendant respectfully requests that this Court exercise its discretion and deny the Government's motion.

## I. BACKGROUND INFORMATION

Part of Mason's defense is his contention that Sgt. Scott Partridge of the Providence Police Department colluded with Attorney John M. Cicilline, Lisa Torres, and possibly others to plant drug evidence at 214 Pavilion Avenue for the purpose of

[1] *United States v. Khalid Mason*, Cr. No. 06-106-02S, Dkt. No. 129, at 2 (D.R.I. July 26, 2007).

extorting money from Mason and his co-defendant, Derrick Isom.[2] "A basic sketch of the overall scheme alleged by Mason contours around Cicilline, his law partner Joseph Bevilacqua and his paralegal, Lisa Torres, who, with another paralegal/employee [Juan Giraldo] are indicted in federal court in Boston on charges of conspiracy, obstruction of justice and making false statements."[3] Cicilline's, Bevilacqua's, Torres', and Giraldo's indictments in the United States District Court for the District of Massachusetts "in many respects, appear to corroborate at least part of Mason's version of events."[4]

The testimony of Mr. Mason and his father, Mr. Paul Price, Jr., at the Franks hearing in this case established that they were put in touch with Cicilline and Torres almost immediately after the arrest warrant was issued for Mason and that Cicilline and Torres demanded a large sum of money, in cash, in order to make the charges against Mason and Isom go away. Mason and Price testified that Cicilline and Torres told them that part of the money would go to Sgt. Scott Partridge. This testimony was not contradicted by any witness at the hearing.

When called to testify at the Franks hearing, both John Cicilline and Lisa Torres invoked their Fifth Amendment rights. Lisa Torres plead the Fifth to the following questions, among others:

(1) Whether, during that period, you were getting paid by criminal defendants to set up drug arrests so that those defendants could get credit for sentence reductions in their respective cases (See transcript of Franks hearing, July 2, 2007);

(2) Whether it was part of the practice of Mr. Cicilline's law office that cops would receive payoffs to make sure that Mr. Cicilline's clients either got out of jail or got their time reduced (See transcript of Franks hearing, July 2, 2007); and

---

[2] *See id.* at 4.
[3] *Id.*
[4] *Id.* at 6.

(3) Whether you had any role in framing Khalid Mason or Derrick Isom in connection with the arrest warrants issued on or around January 16 for the drug charges currently pending against those individuals (See transcript of Franks hearing, July 2, 2007).

After initially informing the Court that he did not intend to invoke the Fifth Amendment with respect to questions relating to Khalid Mason, John Cicilline invoked his Fifth Amendment privilege in response to the following specific questions, among others:

(1) Mr. Cicilline, in or about January 16, 2002, were you involved in a scheme whereby you would be paid by your clients in order to have cases set up against third parties so that your clients could use that information for their own benefit as to pending charges against them? (See transcript of Franks hearing, July 2, 2007);

(2) Did you – were you making money at that time off of planting – having drugs planted on people who had a history of drug involvement such as Mr. Isom and Mr. Mason so that your clients could benefit from that? (See transcript of Franks hearing, July 2, 2007);

(3) Can you tell us to a certainty, Mr. Cicilline, that nobody working on your behalf in January of 2004 planted drugs at 214 Pavilion Avenue in order to frame Mr. Isom and Mr. Mason? (See transcript of Franks hearing, July 2, 2007); and

(4) Was anybody working for you on or around January 16 of 2004 who was authorized to set up third parties for drug arrests so that your clients could benefit from those drug arrests? (See transcript of Franks hearing, July 2, 2007).

As the Court noted in its Decision and Order on the Defendant's Motion to Suppress, "[t]his strange colloquy, like most of Cicilline's and Torres's (non)testimony, raised far more questions than it answered."[5]

Similarly, witness Roger Murray also invoked his Fifth Amendment privilege when asked very specific questions regarding whether or not he personally witnessed Sgt. Partridge accept protection money in the amount of $15,000.00 from a known drug

[5] *Id.*

dealer. In its Decision and Order denying the Defendant's Motion to Suppress, this Court recognized two alternatives arising from Mason's claims: "(1) [Mason] has concocted an exceptional weave of…allegations...into a scheme worthy of a crime novel; or (2) his allegations are true."[6] The witnesses with direct knowledge of the scheme under which Mason claims he has been framed are Cicilline and Torres. These are the same individuals the Government demands the Court ban from testifying.

## II. ARGUMENT

In the First Circuit, it is within the Court's discretion whether to allow a witness to take the stand that intends to claim the Fifth Amendment as to essentially all questions. *United States v. Johnson*, 488 F.2d 1206, 1211 (1st Cir. 1973). Courts have a reduced concern about a witness invoking the Fifth Amendment privilege in front of a jury when it is the defense that seeks to put the witness on the stand because prejudice to the defendant is not an issue. *See Gray v. State*, 137 Md.App. 460, 511, 769 A.2d 192 (Md. Ct. Spec. App. 2001) (collecting cases, including *U.S. v. Johnson*, *supra.*).

This is not an ordinary criminal prosecution. "The allegations made in this case [are] extraordinary, and [are] supported by an equally extraordinary alleged criminal conspiracy that has implicated at least two members of the Rhode Island criminal defense bar and their paralegals, all of whom have been indicted in federal court in Boston."[7] The potential for exculpatory information corroborating Mason's defense and clarifying what untoward activities transpired outweighs the Government's evidentiary concerns about potential assertions of the Fifth Amendment.

---

[6] *Id.* at 17-18.
[7] *U.S. v. Mason*, *supra.*, at 1.

Moreover, as distinguished from the cases the Government cited in its motion, it is not certain that all the witnesses in question will assert the Fifth Amendment privilege at the trial of this case. The Government assumes in its Motion in Limine that all of the witnesses who invoked the Fifth at the Franks hearing will choose to assert the Fifth Amendment privilege at trial simply because they did at the Franks hearing. The Court should not foreclose the possibility that Cicilline, Torres, Murray, or any other defense witnesses will choose to testify at the trial.

**III. CONLCUSION**

By reason of the above, the Defendant respectfully requests that this Court exercise its discretion and deny the Government's Second Motion in Limine. The Government's concerns do not outweigh the important exculpatory information that is otherwise unavailable to Mason. Pursuant to the Sixth Amendment of the United States Constitution, Mr. Mason has a Constitutional right to present all evidence at trial that is exculpatory.

Respectfully submitted,

KHALID MASON

By his Attorneys,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua, Bar No. 6945
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
kpassalacqua@haslaw.com

Michael J. Connolly (MA BBO # 638811)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
(617) 345-9020 (fax)
mconnolly@haslaw.com

Dated: August 3, 2007

**CERTIFICATION**

I hereby certify that on August 3, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing thorough the Court's CM/ECF system.

/s/ Kristie M. Passalacqua

#820439