IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Cr. No. 06-106-02S |
| KHALID MASON | ) | |

GOVERNMENT'S MOTION TO DISMISS

The government moves to dismiss the instant indictment against Defendant Khalid Mason pursuant to Fed. R. Cr. P. 48(a) for those reasons which follow:

As part of the government's discovery and Jencks Act obligations, the government requested that surveillance notes made by the investigating officers of the Providence Police Department be produced. The government made this request pre-indictment and was informed that there were no notes in existence. The officers were asked to check any personal files that may contain such notes. The government inquired a second time as to whether there were any notes referencing the surveillances of 214 Pavilion Avenue, Providence, Rhode Island, prior to and on January 16, 2004. Investigators for the Providence Police Department never produced any such notes or reports.

Late in the day on August 14, 2007, the government was notified for the first time that the Providence Police Department had located a file containing surveillance reports, notes, license checks, and reports related to this investigation.[1] On August 15, 2007, the government inspected the file. The majority of the documents contained within the file appear to have been created in or around January 2004.[2] The file also contains two printouts of reports that were date-stamped August 25, 2006 and April 25, 2007. The discovery and existence of these documents contradicts the impression created by the testimony at the District Court Franks hearing regarding the existence of such notes.

The government is well aware of the importance which this Court attached to the issue of such notes. This concern is well-documented in this Court's Order dated July 26, 2007. The government also views its discovery obligations very seriously. Particularly in this case, the existence and production of such notes are neither underestimated nor treated lightly by the government. In view of this late disclosure and in order to avoid any potential unfairness to the defendant, the government

---

[1] According to the assigned detective, the file was found at home.

[2] Ironically, much of this material is actually corroborative of the search warrant affidavit.

moves for dismissal of the indictment against Defendant Khalid Mason.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ STEPHEN G. DAMBRUCH
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar # 3309
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000/ fax 5001
stephen.dambruch@usdoj.gov

CERTIFICATE OF SERVICE

On August 16, 2007, I caused the within "Government's Motion to Dismiss" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Kristie M. Passalacqua
Hinckley, Allen and Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903

/s/ STEPHEN G. DAMBRUCH
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar # 3309
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000/ fax 5001
stephen.dambruch@usdoj.gov