UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA CA No. 06-106-01 S

Government

v PROVIDENCE, RI

OCTOBER 10, 2006

DERRICK ISOM

Defendant

BEFORE MAGISTRATE JUDGE LINCOLN D. ALMOND

APPEARANCES:

FOR THE GOVERNMENT: SANDRA BECKNER, ATTY.
U. S. Attorney's Office
50 Kennedy Plaza
8th Floor
Providence, RI 03903
401-709-5000

FOR THE DEFENDANT: MARY S. McELROY, ATTY.
Fed. Public Defender's Office
10 Weybosset St.
Suite 300
Providence, RI 02903
401-528-4281

OCTOBER 10, 2006

THE COURT: Good afternoon. We're here today in the matter of the United States of America vs Derrick Isom, Criminal Case No. 06-106-01 S. We're here today for an initial appearance and an arraignment of this defendant on an indictment. Can counsel who are here identify themselves for the record, please?

MS. BECKNER: Sandra Beckner on behalf of the United States.

MS. McELROY: Mary McElroy on behalf of Mr. Isom.

THE COURT: Okay. Have you had a chance to review the indictment in this case, Ms. McElroy?

MS. McELROY: Yes, I have, your Honor.

THE COURT: And are you comfortable he understands what he's been charged with in this matter?

MS. McELROY: Yes, I am.

THE COURT: Mr. Isom, if you could stand up with your attorney, please, I want to go over some rights that you have since this is your first appearance in this court.

Sir, you do have a right to counsel in this matter. I have reviewed a financial affidavit which you signed outlining your personal finances. Based on that affidavit, I find that you are financially unable

to afford to hire your own attorney. Thus, I'm appointing an attorney to represent you in this case. I'm appointing Assistant Public Defender Mary McElroy to be your attorney. She will be your attorney for all proceedings in this case, do you understand that, sir?

DEFENDANT: Yes.

THE COURT: All right. Sir, you do have a right to remain silent. You're not required today to make any statements regarding the charges brought against you. Do you understand you have the right to remain silent, sir?

DEFENDANT: Yes.

THE COURT: I also want you to be aware that if you do make any statements today, despite the fact that you have the right to remain silent, that those statements can be used against you in the future, do you understand that, sir?

DEFENDANT: Yes.

THE COURT: All right. You've been charged by way of an indictment. That indictment was returned by the grand jury on October 4, 2006. It charges you and a co-defendant Khalid Mason with the following offenses: Count I charges that beginning on or about a date unknown to the grand jury, and continuing until on or about January 16, 2004, in the District of Rhode

Island, defendants Derrick Isom, Khalid Mason, and others known and unknown to the grand jury, did knowingly, intentionally, willfully combine, conspire, confederate and agree with each other to knowingly and intentionally distribute, and to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, i.e. crack cocaine, a Schedule II controlled substance, contrary to 21 U.S. Code Sections 841(a)1 and (b)(1)(A), all in violation of 21 U.S. Code Section 846. That means, sir, that you've been charged with engaging in a conspiracy with Mr. Mason, and others, to possess with intent to distribute 50 grams or more of crack cocaine.

Count II charges that on or about January 16, 2004, in the District of Rhode Island, the defendants Derrick Isom and Khalid Mason, did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S. Code Sections 841(a)(1) and (b)(1)(A), and 18 U.S. Code Section 2. That count charges the actual act of possessing with intent to distribute the crack cocaine whereas Count I charges the conspiracy.

The indictment also contains a third count which is not directed to you but rather is directed solely to your co-defendant Mr. Mason alleging that he utilized a certain premises for drug trafficking purposes. That count is not addressed to you.

Do you understand what you've been charged with in Count I and Count II of this indictment, sir?

DEFENDANT: Yes.

THE COURT: Ms. McElroy, what plea does your client enter as to the charges contained in Count I and Count II of the indictment?

MS. McELROY: Not guilty as to each count.

THE COURT: I will enter pleas of not guilty as to Count I and Count II for this defendant. You can be seated, Mr. Isom.

I'm also going to issue in your case today, Mr. Isom, an arraignment and pretrial discovery order which sets dates for future proceedings in this court. Your case has been assigned for trial to District Judge William Smith. It will be considered ready for trial on or after November 27, 2006, subject to Judge Smith's trial calendar schedule. There will be a pretrial conference held on November 16, 2006 at 9:30 a.m. in Judge Smith's chambers. Counsel for the Government will be there, and Ms. McElroy will be there

representing your interests. You will not be present at that pretrial conference.

After receiving discovery from the Government Ms. McElroy, would you like a period of time to prepare and file pretrial motions in this case?

MS. McELROY: Yes, please.

THE COURT: I'll grant that request and I will also order that the period of time from October 31, 2006 up to and including November 13, 2006 be deemed excludable under the speedy trial act for the purpose of preparing and filing such pretrial motions. All pretrial motions shall be filed on or before close of business November 13, 2006. Any responses or oppositions by November 24, 2006.

The co-defendant in this case, by way of information, Mr. Mason, he was not formally arraigned on this charge but did appear before me late last week. He's scheduled for an arraignment and a bail hearing this Friday in this case at 11:00 a.m.

Ms. McElroy, I can either hold a bail hearing now or, if you want, I can put this matter over for a bail hearing on Friday at 11:00 a.m. with the co-defendant. It doesn't really matter to me.

MS. McELROY: Friday at 11 probably makes --

THE COURT: All right. Do you want to confer

with your client about that?

MS. McELROY: -- more sense. Yes.

THE COURT: All right. I'm going to continue this matter for a bail hearing with the co -defendant, Khalid Mason, on Friday, is that October 13th, Ms. Noel? All right. Friday, October 13th at 11 a.m. Does the Government have any objection to that?

MS. BECKNER: No, your Honor.

THE COURT: All right. I'm going to order that the defendant be detained and held in the custody of the Attorney General, or his designee, pending that bail hearing on Friday at 11 a.m. Is there anything further we need to deal with today in this matter, Ms. Beckner?

MS. BECKNER: No, your Honor.

THE COURT: Ms. McElroy?

MS. McELROY: No. Thank you, your Honor.

THE COURT: The Court will stand in recess.

THE CLERK: All rise.

(RECESS)

C E R T I F I C A T I O N

I, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/sJoseph A. Fontes/

JOSEPH A. FONTES, COURT REPORTER

October 10, 2006

DATE